3 B.R. 651 (1980)
In re Steven Wesley KELLEY, Debtor.
Flossie WEILL, Trustee, Plaintiff,
v.
TENNESSEE CENTRAL CREDIT UNION, Defendant.
No. 1-79-01420, Adversary Proceeding No. 1-79-0021.
United States Bankruptcy Court, E.D. Tennessee.
May 6, 1980.
*652 Kyle R. Weems, Chattanooga, Tenn., for plaintiff.
David B. Kesler, Chattanooga, Tenn., for defendant.

MEMORANDUM
RALPH H. KELLEY, Bankruptcy Judge.
The plaintiff filed a complaint to avoid a transfer of debtor's property to defendant.
The defendant filed an answer denying the allegations of the complaint.
The matter was heard in open court and from the proof and the entire record the court makes the following findings of fact:
On June 12, 1979 defendant made a loan to debtor to purchase a van from Ken Gardner Ford. Debtor signed a security agreement and defendant relied upon the seller to apply for the certificate of title with lien of defendant noted. The seller did not apply for the certificate until about the beginning of August. The title was issued by the State of Tennessee on August 15, 1979.
The debtor filed his petition in bankruptcy on October 10, 1979.
Plaintiff in her brief asserts:
. . . the perfection of the lien by the defendant-creditor in this case on or *653 about August 12, 1979, within ninety (90) days of the filing of this petition under Chapter 7, constituted a preferential transfer under 11 U.S.C. § 547. The obligation of June 12, 1979, was an antecedent debt.
The defendant in its brief asserts:
. . . under the peculiar facts of this case, the perfection of its security interest in August, 1979 was not "for or on account of an antecedent debt." In the alternative the defendant asserts that its security interest may be upheld under one of the exceptions to the trustee's power of avoidance.
The concluding paragraph of defendant's brief states:
Any delay in the perfection of defendant's security interest occurred in the normal course of business and could not have been avoided by the defendant. This Court is a court of equity. See 92 Stat. 2549 (1978), §§ 241(a), 405(a & b). If the Court should find that the perfection of defendant's security interest in this case was a preference, defendant would be left without an adequate remedy at law. Therefore, the defendant would ask the Court to construe the preference statute equitably so as to uphold the defendant's security interest.

CONCLUSIONS OF LAW
A preference is a transfer that enables a creditor to receive payment of a greater percentage of its claim against the debtor than it would have received if the transfer had not been made and it had participated in the distribution of the assets of the bankrupt estate.
The above definition of a preference is made operative by the five elements of 11 U.S.C. § 547(b). To establish a voidable preference the trustee must prove:
[a] transfer of property of the debtor 
(1) to or for the benefit of a creditor;
(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
(3) made while the debtor was insolvent;
(4) made 
(A) on or within 90 days before the date of the filing of the petition . .
(5) that enables such creditor to receive more than such creditor would receive if 
(A) the case were a case under chapter 7 of this title;
(B) the transfer had not been made; and
(C) such creditor received payment of such debt to the extent provided by the provisions of this title.
If the transferee creditor can show that any one of the five requirements has not been met, then the trustee cannot recover. In the present case the transferee-defendant denies that the transfer was "on account of an antecedent debt."
The defendant also relies upon 11 U.S.C. § 547(c) which provides that certain types of transfers may not be set aside as preferences, although they literally fall within the statutory definition of a preference. The exception relied upon by defendant reads as follows:
(c) The trustee may not avoid under this section a transfer 
(1) to the extent that such transfer was 
(A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and
(B) in fact a substantially contemporaneous exchange;
The defendant cited the first exception but did not mention the third which reads as follows:
(c) The trustee may not avoid under this section a transfer 
. . . . .
(3) of a security interest in property acquired by the debtor 
(A) to the extent such security interest secures new value that was 

*654 (i) given at or after the signing of a security agreement that contains a description of such property as collateral;
(ii) given by or on behalf of the secured party under such agreement;
(iii) given to enable the debtor to acquire such property; and
(iv) in fact used by the debtor to acquire such property; and
(B) that is perfected before 10 days after such security interest attaches.
The above exceptions need to be read with 11 U.S.C. § 547(e). It sets out when a transfer of personal property is made for the purpose of § 547. A transfer is made when it takes effect between the parties if it is perfected against judgment lien creditors then or within ten days thereafter. Otherwise, it is made when perfected, or if not perfected before bankruptcy, it is deemed to have been made immediately before bankruptcy.
In regard to that provision Professor Vern Countryman in Bankruptcy Preferences  Current Law and Proposed Changes, 11 U.C.C.L.J. 95 (1978) commented at page 100:
[D]elay in or failure to perfect will move the transfer forward  closer to bankruptcy, either at the time of the delayed perfection or, if there never was a perfection, as in the Corn Exchange case, to a time immediately before bankruptcy. In Corn Exchange, what was in fact a present advance against an assignment of accounts receivable was converted by the failure of the secured creditor to perfect into a transfer for antecedent debt.
For the purpose of § 547 the transfer was made, at the earliest, around the beginning of August. 11 U.S.C. § 547(e) (1979); Tenn.Code Ann. § 55-3-126 (Repl. Vol. 1980). The debt was incurred in June. It was therefore antecedent to the transfer. The defendant's contention that the debt was not antecedent ignores § 547(e).
The third exception in § 547(c) applies specifically to the facts before the court. The court will consider it before the more general exception in § 547(c)(1).
With reference to the third exception there is a comment in A Practical Guide to the Bankruptcy Reform Act (1979) by Harvey R. Miller and Michael L. Cook. It appears on page 313 as follows:

Purchase Money Security Interests. If the debtor grants a security interest to secure an "enabling" loan, there will be no preference so long as the security interest "is perfected [no later than] 10 days after such security interest attaches." In fact, the loan secured by the purchase money security interest in the debtor's property must have been "given to enable the debtor to acquire such property" and the proceeds of the loan must "in fact [be] used by the debtor to acquire such property."
Another comment:
The third exception to the preference section exempts security interests granted in exchange for enabling loans. The requirements are strict. The enabling loan must not predate the security agreement, the proceeds of the loan must in fact be used to purchase the collateral, and the security interest must be perfected no later than 10 days after it attaches. [Emphasis added]
The above comment appears in an article entitled An Introduction to the Trustee's Avoiding Powers by Richard B. Levin, 53 Am.Bankr.L.J. 173, 187 (1979). The comment is particularly significant since Mr. Levin was on the House Judiciary Committee staff that drafted the Code.
The defendant's security interest was not perfected within ten days after it attached. Tenn.Code Ann. § 47-9-204 (Repl. Vol. 1979). Section 547(c)(3) does not help the defendant. The defendant says that it nevertheless should be protected under § 547(c)(1).
In the article cited above Mr. Levin discusses the intent of that exception at page 186:
The first exception is a simple one, excepting a transfer that is really not on account of an antecedent [debt]. Literally, *655 the transfer must have been intended by the debtor and the creditor to have been a contemporaneous exchange for new value and "in fact a substantially contemporaneous exchange." No doubt a purchase by the debtor of goods or services with a check, if deemed to be on credit by state law, would be insulated by this exception. Though strictly speaking the transaction may be a credit transaction because the seller does not receive payment until the check is cleared through the debtor's bank, it is generally considered and intended to be a contemporaneous transaction, and assuming the check is promptly deposited and cleared, is in fact substantially contemporaneous.
Here the court must point out some conflict between the first exception and the third exception in § 547(c). The third exception protects a purchase money security interest perfected within ten days after it attaches. The question is whether that is the only exception for purchase money security interests or is the first exception also applicable. The court need not decide. Even if § 547(c)(1) is applied, it does not protect this transaction, for the reasons given below.
The defendant argued that "any delay in perfection of the defendant's security interest occurred in the normal course of business and could not have been avoided by the defendant." The vehicle bought by the debtor had been used by the seller in its leasing operations. The seller had not fully paid for the vehicle when it was sold to the debtor. Ford Motor Credit Company held the certificate of title with its lien noted in its Detroit office. With the defendant's loan the debtor paid the seller who then paid Ford Motor Credit Company. Ford Motor Credit Company then released its lien and forwarded the certificate to the seller. The seller immediately applied for title, but more than a month had elapsed since the sale. Most of the delay is attributable to the necessity of obtaining good title from Ford Motor Credit Company.
The grant of the security interest is the transfer in question. 11 U.S.C. § 101(40) (1979). For the purposes of the preference section it was made when the security interest was perfected. 11 U.S.C. § 547(e) (1979). The transfer thus was made several weeks after the debtor incurred the debt and acquired the collateral.
The facts argue for application of the exception, but because of the substantial time between the time of the transfer (when the security interest was perfected) and the making of the debt, the court finds that the exchange was not in fact substantially contemporaneous.[1] Furthermore it was not shown that the debtor or the defendant took any action after the purchase to perfect the security interest or see that the seller perfected it within a reasonable time.
Neither exception helps the defendant. The trustee is entitled to the vehicle in question.
By agreement of the parties the vehicle has been sold and the trustee is holding the net proceeds subject to the orders of this court.
Also the parties are to calculate payments to creditor during the ninety (90) days preceding the filing of bankruptcy. These payments constitute a preferential transfer and will be avoided.
The trustee will prepare a judgment in accordance with this memorandum.
This memorandum constitutes findings of fact and conclusions of law. Rule 752, Bankruptcy Rules.
NOTES
[1] The court notes that the Tennessee legislature has concluded that perfection of a purchase money security interest within 20 days after the debtor receives the collateral should give the secured party priority over other security interests in the same collateral. Tenn.Code Ann. § 47-9-312(4) (Repl. Vol. 1979).