Charles L. DENABURG, as Trustee of the Bankrupt Estate of K. B. Southern, Inc., Plaintiff,

v.

POST WELDING SUPPLY COMPANY, INC., a corporation, Defendant.

Civ. A. No. 79–X–1440–S.

United States District Court, N. D. Alabama, S. D.

Sept. 11, 1980.

---

Charles L. Denaburg, Denaburg, Schoel, Meyerson & Ogle, Birmingham, Ala., for plaintiff.

Robert L. Austin, Birmingham, Ala., for defendant.

## MEMORANDUM OPINION

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GROOMS, District Judge.

This is an action to set aside an alleged voidable preference under Section 60 of the Bankruptcy Act, 11 U.S.C.A. § 96.

■ The burden rests upon the Trustee to allege and prove that the preference was voidable. *Mizell v. Phillips*, 240 F.2d 738 (5th Cir. 1957). If the recipient of the funds in payment of an antecedent debt had reasonable cause to believe that the bankrupt was insolvent at the time of payment, the transfer–if made within four months of bankruptcy, is voidable. *Id.* The question of probable cause to believe that the bankrupt was insolvent is one of fact, and all the evidence bearing upon the fact is to be considered collectively. *Id.* No general rule can be laid down which will apply to every case. *Watchmaker v. Barnes*, 259 F. 783, 786 (1st Cir. 1919).

■ The knowledge of an attorney who has been directly employed to collect a debt, respecting insolvency, will be imputed to the creditor. *Rogers v. Palmer*, 102 U.S. 263, 26 L.Ed. 164 (1880); *Kelley v. National Surety Corporation*, 187 F.Supp. 329, 332 (S.D.W.Va.1960); 11 U.S.C.A. § 96(a)(8)(b).

Under Alabama law the service of a garnishment creates a lien in favor of the creditor. Section 6–6–76 Ala.Code 1975. Under 67(a) of the Bankruptcy Act, 11 U.S.C.A. § 107, every lien obtained by legal or equitable proceedings or process within four months before filing the petition in bankruptcy is deemed to be null and void if at the time such lien was obtained the person was insolvent. See *Collier on Bankruptcy*, 14th Ed., Vol. III, p. 807. *Matter of Gibson Products of Arizona*, 543 F.2d 652 (9th Cir. 1976); *In re: Mercury Heating Co.*, 322 F.Supp. 1161 (E.D.Wis.1971).

The issues for determination are: (1) was the bankrupt, K. B. Southern, Inc. (herein

referred to as K. B. S.), insolvent at the time of the service of the garnishment and receipt of the funds?; and (2) did the defendant know or have reasonable cause to believe that the bankrupt was insolvent at the time of those events?

A consent judgment was entered in the state court against K.B.S. on april 6, 1979, for $3,435.56 with costs. A garnishment was issued out of said court on June 4, 1979, to the Birmingham Trust National Bank returnable within thirty days. The garnishment was served on June 14. At that time the garnishee debited the account of its depositor. On June 28, 1979, the garnishee answered indebted in the amount of $3,506.42. The defendant received the funds on July 24. K.B.S. was adjudicated a bankrupt on August 2nd upon its voluntary petition filed on that date.

■ The bankrupt's schedule reveals assets of $2,799,000.00 and liabilities of $5,607,000.00. Insolvency on the date of preference presents the critical issue and insolvency on any other date is insufficient standing alone to prove this essential element of preference, but as stated in *Inter–State National Bank of Kansas City v. Luther*, 221 F.2d 382, 391 (10th Cir. 1955):

> "[E]vidence of insolvency on dates before and after preference dates is competent evidence of insolvency on those dates, especially when considered with evidence of continued decline toward bankruptcy. 4A Remington §§ 1689–1690; 1 Collier § 1.19, p. 83."

■ The financial facts on insolvency referred to coupled with other facts in the case leave little doubt that K.B.S. was insolvent during the month of June and on the dates of the alleged preference. The first question must therefore receive an affirmative answer.

The defendant's account was in default in January 1979, when it was placed in its attorney's hands for collection. Suit was filed against K.B.S. on January 16, 1979. The case was set for trial on April 6, after a continuance from March 16th at K.B.S.'s request. On the trial date, following negotiations and after a discussion of financial condition of K.B.S. between counsel, the defendant in the case consented to the entry of a judgment on condition that the claim for an attorney's fee be dropped, and that execution be stayed until May 5th because said defendant did not have funds with which to pay the judgment at the time of entry or within two weeks normally fixed for the issue of an execution. The judgment was not paid, and on May 31st counsel for the defendant herein wrote a letter directing the Clerk to issue an execution on a 1972 Ford car located at a stated address. Execution issued on the 5th of June and was returned by the sheriff "no property found" on June 11th, with the notation "bad address."

There is a dispute in the evidence as to the date and the scope of a conversation, between counsel for K.B.S. and defendant's counsel, that occurred sometime between the service of the writ of garnishment and the payment of the funds by the garnishee. The former testified that he told the latter that his client was hopelessly insolvent, that there were numerous suits pending against it, and that he was going to have to bankrupt it. Defendant's counsel denied that he was told that K.B.S. was insolvent or that counsel stated that he was going to have to bankrupt it. He testified that counsel told him that if his client suffered a judgment in a case pending in Virginia that it would be bankrupt.

For a period of several months defendant had knowledge that K.B.S. was slow in meeting its current obligations.

In *Mizell v. Phillips*, at 742, *supra*, the court held that:

> "If inquiry would lead to the development of facts establishing insolvency, then he [the creditor] is chargeable with the knowledge that the facts would have revealed. *Inter–State National Bank of Kansas City v. Luther*, [10 Cir., 221 F.2d 382], *Lang v. First National Bank in Houston*, 5 Cir., 1954, 215 F.2d 118; *Margolis v. Gem Factors Corp.*, 2 Cir., 201 F.2d 803; *In re Cox*, 7 Cir., 1943, 132 F.2d 881; *Collins v. Bank of Titusville & Trust*

*Co.,* 5 Cir. 1929, 36 F.2d 482; and 3 Collier on Bankruptcy, 14th Ed. § 60.53."

 In view of the insolvency of K.B.S. at the time of the service of the writ of garnishment, the lien thereof was null and void under § 67(a) of the Bankruptcy Act, since it was obtained within four months of bankruptcy. Therefore, it was wholly ineffective and conferred no right whatsoever upon the defendant whether or not the garnishee debited its account with its depositor. Consequently, the crucial date as to insolvency was that on which the money was received by the defendant. K.B.S. was insolvent on that date. The conversation between counsel unquestionably occurred prior to that date.

Measured by the legal standards herein set out, the Court finds from the evidence that the plaintiff has met his burden of proof, that the defendant had reasonable cause to believe that K.B.S. was insolvent both at the time of the service of the writ of garnishment and when the funds were received by it, and that the transfer constituted a voidable preference under Section 60(a) of the Bankruptcy Act, the effect of which was to enable it to obtain a greater percentage of its debt than some other creditors of the same class.

A judgment will be entered directing that the transfer be set aside and vacated and that within ten days the defendant transfer the sum of $3,506.42 to the plaintiff as Trustee, in default of which a judgment will be entered against the defendant in that amount.