**In re CAMP ROCKHILL, INC., Debtor.**

**Arthur T. McWILLIAMS, Trustee, Plaintiff,**

v.

**Leon GORDON, Defendant.**

**Bankruptcy No. 80–00256K.**
**Adv. No. 80–0127K.**

United States Bankruptcy Court,
E.D. Pennsylvania.

July 17, 1981.

Arthur T. McWilliams, James J. O'Connell, Philadelphia, Pa., for trustee/plaintiff.

Frank E. Greenberg, Philadelphia, Pa., for defendant.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

The issue presently before the court is whether a transfer, made during the period that begins one (1) year before the filing of the bankruptcy petition and ending ninety (90) days before filing, can be voided by the trustee pursuant to section 547 of the Bankruptcy Code (the "Code"). We conclude that the failure of the trustee to establish the existence of an insider relationship at the time of the transfer on account of the antecedent debt, precludes the voidability of the transfer as a preference under section 547(b)(4)(B) of the Code.

1. This Opinion constitutes findings of fact and conclusions of law in accordance with Bankruptcy Rule 752.

2. Section 547(c) sets forth six specified transfers which the trustee may not avoid. None of

The facts of the instant case are uncontroverted and can be simply stated.[1] Defendant, the creditor, was a minority shareholder of the debtor corporation, Camp Rockhill, Inc., (Rockhill). On October 10, 1978, the creditor surrendered his entire interest in Rockhill to the debtor for a $10,000.00 judgment note. At no time was the creditor an officer of the debtor corporation. On November 5, 1979, the creditor recorded the judgment note, thereby acquiring a lien on the real property of the debtor. Subsequently, the debtor filed for relief under Chapter 7 of the Code on February 5, 1980.

Admittedly, the recordation of the judgment note, resulting in the creation of a lien on debtor's real property, falls outside the ninety (90) day period prior to the filing of the petition. The trustee brings this action, however, alleging that the creditor was an insider of the corporate debtor which permits him to avoid any preferential transfer which occurred within one (1) year prior to the filing of the petition.

## DISCUSSION

Section 547(b) of the Code presents five (5) criteria which are to be applied to a transfer of property of the debtor, and provides that the trustee may avoid any transfer of property of the debtor which satisfies all five criteria.[2] The criteria are: (1) the transfer must have been to or for the benefit of a creditor, (2) for or on account of an antecedent debt, (3) made while the debtor was insolvent, (4) on or within ninety days before the date of the filing of the petition; or within one year before the date of the filing if the creditor was an insider at the time of the transfer and had reasonable cause to believe that the debtor was insolvent, and (5) which enabled the creditor to receive more than he would have received under the distribution provisions of the Code.[3]

these exceptions are applicable to the present situation.

3. In In re Kelley, 3 B.R. 651 (Bkrtcy. E.D. Tenn. 1980), the court stated that all of these elements must be present before a transfer may

In the instant case, the trustee seeks to avoid the lien obtained by the recordation of the judgment note as a preferential transfer to an insider.[4] Yet, before we can reach the issue of whether the creditor was an insider, we must first determine whether the trustee has established, by a preponderance of the evidence,[5] the other essential elements required to void a transfer pursuant to section 547(b).

Section 101(9) of the Code enunciates a broad definition of the term creditor. A creditor is defined as an entity that has a claim against the debtor that arose at the time of or before the order for relief has been entered. 11 U.S.C. § 101(9) (1979). Clearly, the taking of a judgment note by the defendant prior to the filing of the bankruptcy petition constitutes a claim against the debtor under section 101(9). Furthermore, the recordation of the note and subsequent creation of a lien on the debtor's real property was to or for the benefit of the creditor.

The second essential element which the trustee must establish to void a transfer as being preferential, is whether the transfer was made on account of an antecedent debt. Section 101(40) of the Code defines the term "transfer" as broadly as possible to include any disposition of property or an interest in property. H.R. Rep. No. 95–595, 95th Cong., 1st Sess. 314 (1977); S. Rep. No. 95–989, 95th Cong., 2d Sess. 27 (1978), U.S. Code Cong. & Admin. News 1978, 5787. Specifically, "transfer means every mode, direct or indirect, absolute or conditional, voluntarily or involuntarily, of disposing of or parting with property or with an interest in property..." 11 U.S.C. § 101(40) (1979). We are convinced that the taking and recording of a judgment against the debtor's real property, thereby creating a lien and security for a debt, constitutes a transfer within the purview of section 547. *See In re Fell*, 18 F.Supp. 989, 991 (E.D. Pa.1937); *Grant v. National Bank of Auburn*, 232 F. 201, 205 (N.D. N.Y.1916); *In re Tupper*, 163 F. 766 (N.D. N.Y.1908).

Once we have established that the judgment lien was a transfer within the Code definition, the question remains whether the transfer was on account of an antecedent debt. *See* 11 U.S.C. § 547(b)(2). In other words, we must determine when the transfer was made. For the purposes of section 547, a transfer is made at the time such transfer is perfected.[6] Section 547(e)(1) states that a transfer of real property is perfected when a bona fide purchaser of such property from the debtor against

---

be found to be preferential. *See Gentry v. Twin City Glass Inc.*, 358 F.Supp. 1022 (Bkrtcy. W.D. La.1973); *In re National Buy-Rite, Inc.*, 7 B.R. 407, 409 (Bkrtcy. N.D. Ga.1980); *In re C.S. Mersick & Co.*, 1 B.R. 599, 601 (Bkrtcy. D. Conn.1979). In addition, the burden of proof to establish each of the elements in § 547(b) by a preponderance of the evidence rests with the trustee. *In re Denaburg*, 7 B.R. 274, 275 (Bkrtcy. N.D. Ala.1980). *See also, American Nat'l Bank & Trust Co. v. Bone*, 333 F.2d 984, 987 (8th Cir. 1964); *Mizell v. Phillips*, 240 F.2d 738, 740 (5th Cir. 1957).

4. Under prior law, section 67(d)(3) of the Bankruptcy Act, payments to insiders or others, that were over four (4) months old could not be attacked under the preference section. Section 547(b)(4)(B) of the Code allows the trustee to avoid a transfer which occurred up to one (1) year prior to the filing of the petition. However, two (2) additional conditions must be met if the trustee is to avoid a transfer falling within that period. First, the creditor must have been an insider when the transfer was made. Second, the insider must have had reasonable

cause to believe the debtor was insolvent at the time the transfer was made. 11 U.S.C. § 547(b)(4)(B) (1979).

5. *See Denaburg*, 7 B.R. at 274.

6. Section 547(e)(2):

(2) For the purposes of this section, except as provided in paragraph (3) of this subsection, a transfer is made—

(A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 10 days after, such time;

(B) at the time such transfer is perfected, if such transfer is perfected after such 10 days; or

(C) immediately before the date of the filing of the petition, if such transfer is not perfected at the later of—

(i) the commencement of the case; and

(ii) 10 days after such transfer takes effect between the transferor and the transferee.

11 U.S.C. § 547(e)(2) (1979).

whom applicable law permits such transfer to be perfected cannot acquire an interest that is superior to the interest of the transferee. In the instant case, the act of the creditor in recording the judgment note, thereby creating a lien on the debtor's real property, so far perfected his interest in the property, that a bona fide purchaser from the debtor could not acquire an interest superior to that of the creditor. Pa. Stat. Ann. tit. 68, § 602(3) (Purdon). *See also, Tupper*, 163 F. at 766; *Fell*, 18 F.Supp. at 991. Accordingly, the recordation of the judgment note on November 5, 1979, is when the transfer was made. The debt was created on October 10, 1978, when the defendant surrendered his interest in Rockhill and received a judgment, thereby becoming a creditor of the debtor corporation. Therefore, the transfer was made on account of an antecedent debt.

■■ For the preference to be affected under section 547, the trustee need also establish the debtor's insolvency at the time of the transfer. 11 U.S.C. § 547(b)(3). In response to the problems engendered by requiring proof of insolvency, Congress included section 547(f) in the Code, whereby insolvency is presumed for the period of ninety (90) days prior to filing. H.R. Rep. No. 95–595, 95th Cong., 1st Sess. 178 (1977). However, the presumption of insolvency applies only during the ninety days immediately preceding the date of the filing of the petition. Hence, because the trustee is challenging the transfer to an alleged insider that occurred more than ninety days before the filing of the petition, the presumption is of no apparent assistance. Therefore, the trustee must establish the debtor's insolvency on the date the transfer was made. *Constructora Maza, Inc. v. Banco dePonce*, 616 F.2d 573, 577 (1st Cir. 1980); *Matter of PRS Products, Inc.*, 574 F.2d 414 (8th Cir. 1978); *American Nat'l. Bank*, 333 F.2d at 984; *Mizell*, 240 F.2d at 738; *Interstate National Bank v. Luther*, 221 F.2d 382, 391 (10th Cir. 1955); *Arkansas Oil & Mining Co. v. Murray Tool & Supply Co.*, 127 F.2d 564 (8th Cir. 1942); *Everett v. Warfield Mining Co.*, 37 F.2d 328 (4th Cir. 1930); *Denaburg*, 7 B.R. at 274. Insolvency

is determined by a "balance sheet" test. In other words, a debtor is insolvent when his liabilities exceed his assets. *National Buy-Rite*, 7 B.R. at 410; 4 Collier on Bankruptcy ¶ 547.26, p. 547–94 (15th ed.1980). The principal of the debtor corporation testified at the hearing held in this case that on November 5, 1979, the date of the challenged transfer, the liabilities of Rockhill did exceed the value of its assets. No other evidence was put forth by either party concerning this issue. Accordingly, we conclude that the trustee has met its burden in establishing insolvency at the time of the transfer.

■ Finally, two (2) additional conditions must be satisfied before the trustee can avoid a transfer falling outside the ninety (90) day period prior to the filing of the petition. First, the creditor to whom the transfer was made must have been an insider when the transfer was made. Second, the insider must have had reasonable cause to believe the debtor was insolvent at the time such transfer was made. *See* 11 U.S.C. § 547(b)(4)(B) (1979).

An "insider" is defined in the Code as one who has a sufficiently close relationship with the debtor that his conduct is made subject to closer scrutiny than those dealing at arms length with the debtor. H.R. Rep. No. 95–595, 95th Cong., 1st Sess. 312 (1977); S. Rep. No. 95–989, 95th Cong., 2d Sess. 25 (1978). In the case before us, the debtor is a corporation. Section 101(25) of the Code states, in part:

(25) "insider" includes—

(B) if the debtor is a corporation—

(i) director of the debtor;

(ii) officer of the debtor;

(iii) person in control of the debtor;

(iv) partnership in which the debtor is a general partner;

(v) general partner of the debtor; or

(vi) relative of a general partner, director, officer, or person in control of the debtor;

11 U.S.C. § 101(25) (1979).

■ At no time was the creditor a director, officer, or person in control of the debtor corporation. The trustee argues,

however, that an insider relationship exists as a result of the close personal friendship between the principal of the debtor and the creditor. We agree that during the time period when the creditor was a minority shareholder of the debtor, an insider relationship may have existed. However, the existence of an insider relationship *before* the date of the challenged transfer is not the proper test to be applied under the preference section. The language of section 547(b)(4)(B) clearly states that an insider relationship is to be determined on the *exact date* of the challenged transfer.[7] Yet, the creditor surrendered his entire interest in the debtor corporation on October 10, 1978, and thereafter communicated with the debtor corporation only on a limited basis and only in his capacity as a creditor. Consequently, even if the creditor could be classified as an insider, this insider relationship terminated when the creditor surrendered his interest back to the debtor, more than one year before the date of the challenged transfer. Accordingly, the trustee has failed to meet his burden in establishing an insider relationship *on the date of the transfer.*

▇▇▇▇ The trustee has also failed to establish that the creditor had reasonable cause to believe the debtor was insolvent at the time of the transfer.[8] In determining whether a creditor had reasonable cause, several general propositions emerge from the cases and commentaries but each case, ultimately, must be decided on its own facts. *Harrison v. Merchants National Bank,* 124 F.2d at 873; *Engelkes v. Farmers Co-Operative Co.,* 194 F.Supp. 319 (Bkrtcy. N.D. Iowa 1961); *Dean v. Planters National Bank,* 176 F.Supp. 909, 913 (Bkrtcy. E.D. Ark.1959); 3 Collier on Bankruptcy ¶ 60.52 at p. 1055 (14th ed. 1976).

The Code requires neither actual knowledge of nor belief in the debtor's insolvency.

All that is necessary is reasonable cause to believe the debtor is insolvent. However, it is important to note that mere suspicion of insolvency is not enough to charge the creditor with reasonable cause to believe the debtor is insolvent. *PRS Products,* 574 F.2d at 414. *See also, Grant v. National Bank,* 97 U.S. 80, 81–83, 24 L.Ed. 971 (1877); *Green v. A. G. Edwards & Sons, Inc.,* 582 F.2d 439 (8th Cir. 1978); *Mayo v. Pioneer Bank & Trust Co.,* 297 F.2d 392, 394–95 (5th Cir. 1961); *Interstate National Bank,* 221 F.2d at 392; *Harrison,* 124 F.2d at 871; *Brown Shoe Co. v. Carns,* 65 F.2d 294, 297 (8th Cir.), *cert. denied,* 290 U.S. 695, 54 S.Ct. 130, 78 L.Ed. 598 (1933); *In re Hadad,* 409 F.Supp. 106, 110 (Bkrtcy. S.D. Miss.1970); *Engelkes,* 194 F.Supp. at 319. Yet, it is adequate if a creditor has such knowledge or notice of such facts and circumstances as would incite a person of reasonable prudence under similar circumstances to make inquiry. If the inquiry would lead to the development of facts essential to the knowledge of the situation, he will be charged with knowledge thereof. *Eureka-Carlisle Co. v. Rottman,* 398 F.2d 1015, 1018 (10th Cir. 1968); *Edwards & Deutsch Lithographing Co. v. Rottman,* 398 F.2d 1020, 1022 (10th Cir. 1968); *In re Hygrade Envelope Corp.,* 366 F.2d 584, 586–87 (2nd Cir. 1966); *Shaw v. U. S. Rubber Co.,* 361 F.2d 679, 682 (5th Cir. 1966); *American National Bank,* 333 F.2d at 987; *Marks v. Goodyear Rubber Sundries Inc.,* 238 F.2d 533, 534–35 (2nd Cir. 1956); *Interstate National Bank,* 221 F.2d at 392; *McDougal v. Central Union Conference Association of Seventh Day Adventists,* 110 F.2d 939, 941 (10th Cir. 1940).

▇▇▇▇ The creditor testified that during the entire period he was a stockholder of the corporate debtor, he neither received nor was shown financial statements, operating reports or bank statements portraying the financial well-being of the debtor. In

---

7. Section 547(b)(4)

(B) between 90 days and one year before the date of the filing of the petition if such creditor, *at the time of such transfer —*

(i) was an insider;

11 U.S.C. § 547(b)(4)(B) (1979) (emphasis added).

8. In *Kenneally v. First National Bank,* 400 F.2d 838 (8th Cir. 1969), the court held that the burden is on the bankruptcy trustee to prove by a preponderance of the evidence that the creditor had reasonable cause to believe the debtor was insolvent at the time of the transfer. *See also, Farmers Bank v. Julian,* 383 F.2d 314 (8th Cir. 1967); *Harrison v. Merchants Nat. Bank,* 124 F.2d 871, 874 (8th Cir. 1942).

addition, from the time the creditor surrendered his interest in the debtor, until the date of the challenged transfer, November 5, 1979, the creditor received no records whatsoever pertaining to the financial health of Rockhill. We are convinced that the natural and just interpretation of the acts of the parties warrant the conclusion that the creditor had no knowledge or notice of such facts and circumstances as would incite a person of reasonable prudence under similar circumstances to make inquiry.

Accordingly, we conclude that the complaint of the trustee to declare the judgment lien null and void pursuant to section 547 of the Code is hereby denied because the trustee has failed to establish that the creditor was an insider of the debtor corporation and that the creditor had reasonable cause to believe that the debtor was insolvent at the time the transfer was made.