In the Matter of Christopher W. BRIMHALL, Wendy Gay Brimhall, dba Iron Horse Enterprises, Debtors.

L. D. FITZGERALD, Trustee, Plaintiff,

v.

UNION BANK, Defendant.

Bankruptcy No. 81–0130.

United States Bankruptcy Court,
D. Idaho.

Sept. 8, 1981.

Jim D. Pappas, Green, Service, Gasser & Kerl, Pocatello, Idaho, for plaintiff.

Steven H. Stewart, Stewart, Young, Paxton & Russell, Salt Lake City, Utah, for defendant.

## MEMORANDUM DECISION

MERLIN S. YOUNG, Bankruptcy Judge.

By this action plaintiff trustee seeks to recover $5,300.00 from defendant Bank as an asset of the estate. The parties have stipulated the facts and each now seeks a summary judgment based upon said stipulated facts, the pleadings and the Affidavit of L. D. Fitzgerald filed herein.

The essential facts are these. On May 19, 1980, the debtor entered into a purchase and sale agreement with an automobile dealer in Salt Lake City, Utah, by which he agreed to buy a certain MGB automobile. Debtor was granted possession of the vehicle after the dealer had confirmed with defendant bank that they would loan him sufficient funds to purchase the vehicle. On May 20, 1980, defendant bank did loan the debtor the purchase price of the motor vehicle and debtor granted defendant bank a security interest in the vehicle in question. The purchase price was paid to the automobile retailer. The bank asked debtor to take the necessary steps to obtain a certificate of title in Idaho, debtor's place of residence. Debtor dutifully attempted to do this but the selling dealer failed to furnish debtor a manufacturer's statement of origin, apparently because of flooring difficulty with its bank. That although the debtor and the defendant bank made demand on the dealer for the MSO, it was not produced by the dealer until July 4, 1980. Under the Idaho Motor Title Act, defendant's lien could not be recorded by the state of Idaho until the MSO, the security agreement, and an application for title was delivered to the Idaho Department of Law Enforcement or to a county assessor in the state of Idaho. On July 8, 1980, debtor delivered this documentation to the assessor of Bingham County, Idaho. On July 15, 1980, seven days later, debtor filed a voluntary petition for relief under Title 11, U.S.C. The documents in question were actually received at the Idaho Department of Law Enforcement in Boise, Idaho, on July 23, 1980, and after being processed, a new certificate of title showing debtor's lien was issued on November 3, 1980.

Trustee makes two contentions. One, that under § 49–412 of the Idaho Code, debtor's lien was not perfected until July 23, 1980, the date on which the documents were actually received in the Idaho Department of Law Enforcement. I.C. § 49–412 reads as follows:

"No lien or encumbrance on any vehicle registered under the laws of this state created subsequent to the effective date of this act, irrespective of whether such registration was effected prior or subsequent to the creation of such lien or encumbrance, shall be perfected as against creditors or subsequent purchasers or encumbrancers without notice until the holder of such lien or encumbrance, or his successor or assignee, has filed with the department at its office in Boise, Idaho,

the original or duplicate original of the agreement creating such lien or encumbrance, or a copy of said agreement, with an attached certificate of a notary public stating that the same is a true and correct copy of the original, accompanied by a properly indorsed certificate of title to the vehicle described in said agreement, and if a certificate of title has not previously been issued for such motor vehicle in this state, said agreement shall be accompanied by a properly executed application for a certificate of title, as provided by this chapter.

When the holder of a lien or encumbrance, his successor or assignee, has filed with the department the original or a duplicate original of said agreement, or a copy of the chattel mortgage, or conveyance intended to operate as a mortgage as herein provided, together with a fee of one dollar ($1.00) to pay for the filing thereof, it shall be the duty of the department to forthwith file the same, indorsing thereon the date and hour received at its office in Boise, Idaho.

When the department is satisfied as to the genuineness and regularity of the documents submitted as in this chapter provided, it shall issue a new certificate of title as in this chapter provided, which shall contain the name of the owner of the vehicle, the name and address of each holder of a lien or encumbrance, and a statement of all liens or encumbrances which have been filed with the department, together with the date of each lien or encumbrance and the date and hour received by the department, and such filing of a lien or encumbrance and the notation thereof upon the certificate of title shall be a condition of perfection and shall constitute constructive notice of such lien or encumbrance and its contents to creditors and subsequent purchasers and encumbrancers, and all liens or encumbrances so filed with the department and so noted upon the certificate of title shall be perfected and take priority according to the order of time in which the same are noted upon the certificate of title by the department of law enforcement."

As an alternative contention, trustee asserts that if the perfection be deemed to occur on July 8, 1980, the date on which the documentation was delivered to the assessor of Bingham County, Idaho, that the defendant bank receive a preferential transfer under the terms of § 547 of the Bankruptcy Code.

■ Considering the first contention of trustee, I find the same is not well taken for the following reasons: That although the Idaho lien perfection statute set forth above does speak in terms of filing with the Department of Law Enforcement in Boise, Idaho, other sections of the Motor Vehicle Code make the various assessors of Idaho counties the agent of the Department of Law Enforcement for purposes of carrying out its duties under Title 49 I.C. In particular, § 49–401k, defines "assessor" as "The county assessor of any county of the state, who shall act as an agent of the department in carrying out the provisions of this chapter", and § 49–407 which states as pertinent herein " . . . The county assessors of this state shall likewise receive and file in their respective offices all instruments required by this chapter to be filed with the county assessors, and shall remain in their respective offices indices for certificates of title issued by the department which shall be kept alphabetically by the name of the owner." Section 49–504 also makes the assessor an agent of the Department of Law Enforcement for purposes of Title 49. By regulation the Department of Law Enforcement has made the assessor their agent for receiving and recording title documents. The Department of Law Enforcement also treats the date of filing with the assessor as the date it was received with the Department of Law Enforcement for the purposes of § 49–412.

I therefore hold that the filing of the proper documents with the county assessor is equivalent to the filing with the Department of Law Enforcement in Boise, Idaho, for the purposes of lien perfection.

Turning to trustee's second contention that the transfer in question was a preferential transfer under § 547 of the Code, I find this contention to be well taken. The transfer meets all of the requirements of § 547 because under § 547(e) a transfer takes effect at the time such transfer is perfected if the transfer is more than ten days after the security interest attaches and the debt is incurred. Section 547(c)(3)(a) also says that a trustee cannot avoid a transfer of a security interest in property acquired by the debtor to the extent that such security interest secures new value that was given to enable the debtor to acquire such property and in fact used by the debtor to acquire such property, if it is perfected before ten days after such security interest attaches. In this case, defendant's security interest was not perfected before ten days after the security interest attached. That transfer occurred on July 8, 1980, approximately fifty days after attachment. This transfer, however, was within ninety days of the date on which debtor filed for relief under Title 11 and was made for the benefit of defendant on account of the antecedent debt incurred by debtor on May 20, 1980. The debtor is presumptively insolvent under § 547(f) and trustee's Affidavit filed herein establishes that defendant Bank has received more than it will receive as a general unsecured creditor if the funds are paid to the estate and all of debtor's other assets are liquidated.

Defendant, however, contends that it should be deemed to have perfected its security interest at the time when it made the loan and received the security agreement, because the debtor and it did everything possible to obtain the manufacturer's certificate of origin from the selling dealer. That neither the debtor or the defendant Bank were at fault. This contention is based upon the case of *In re Littlejohn*, 519 F.2d 356 (10th Cir. June 25, 1975), often cited by secured creditors who have failed to perfect their liens as against a trustee in bankruptcy.

In addition to the fact that the Idaho statute places the burden of perfecting the lien upon the lien creditor, which the Kansas statute in question *In re Littlejohn* did not do, I find that this case has not been generally followed under statutes such as we have in the state of Idaho. See *In re Thomas Joseph Kerr*, 598 F.2d 1206 (10th Cir. May 12, 1979) cited to this court by defendant and *In re S. W. Kelley*, 3 B.R. 651 (Bkrtcy.E.D.Tenn. May 6, 1980).

In the final analysis, a secured creditor does have the power to perfect its lien under the statutes of the state of Idaho. If it does not have the required documentation to do so, it can protect itself by refusing to release the funds to the loan applicant until it has that documentation. This case is a good illustration of the risk it takes if it does so without proper documentation of title.

Now, Therefore, Trustee's Motion for Summary Judgment is granted and Defendant's is Denied.

Counsel for plaintiff-trustee is requested to prepare a formal judgment in accord with this Memorandum Decision.