In re SOONER TRUCK & TRACTOR, INC., Debtor.

William TARRANT, Plaintiff,

v.

SOONER TRUCK & TRACTOR, INC., et al., Defendants.

Bankruptcy No. 80–02096.
Adv. No. 81–047.

United States Bankruptcy Court,
W. D. Oklahoma.

Feb. 18, 1982.

B. J. Brockett, Oklahoma City, Okl., for plaintiff, William Tarrant.

Sam A. Townley, Oklahoma City, Okl., trustee.

## MEMORANDUM OPINION

DAVID KLINE, Bankruptcy Judge.

### STATEMENT

This matter comes on for hearing upon the amended complaint of the plaintiff, William Tarrant, and the trustee's second amended answer. All other parties to this action have had their rights determined. After hearing and argument, the matter was taken under advisement with findings, conclusions and briefs invited.

### ISSUE

Is the mortgage by the debtor, Sooner Truck & Tractor, Inc., in favor of the plaintiff, William Tarrant, invalid because of the failure of consideration or because such transfer was violative of 11 U.S.C. § 547(b)?

### FACTS

1) On November 27, 1979, the plaintiff both individually and in his capacity as president of the debtor corporation, entered into a stock purchase agreement with Robert H. Rowland and Joye C. Rowland. Under terms of this stock purchase agreement, the plaintiff as seller, was to receive $178,578.00 of which $60,578.00 was to be paid at

closing and the remaining $118,000.00 was to be carried by the seller for 10 years to be secured by a third mortgage upon the debtor's real estate.

2) This agreement included a release of certain corporate debts owed to the plaintiff, as well as certain other debts which the plaintiff would assume. These debts totaled $100,529.78. Prior to closing which was set for November 30, 1979, the seller (plaintiff herein) was required to obtain the resignation of all officers and directors of the debtor corporation.

3) Executed with the stock purchase agreement was an addendum which provided that the mortgage was to be an obligation of the corporation and not the Rowlands (the buyers) individually.

4) At the closing on November 30, 1979, the debtor by and through its president, Robert H. Rowland, executed a promissory note and mortgage to the plaintiff for $118,000.00.

5) There is no evidential indication that there was a scheme, plan or conspiracy between Tarrant and Rowlands to convert unsecured debts owed by debtor to Tarrant and others to secured debts at the expense of unsecured creditors or that that sale was other than a bona fide one between Tarrant and Rowlands.

6) On November 30, 1979, the date of the transfer in question, the debtor's assets had a value of some $600,000.00 and liabilities of approximately $585,000.00.

7) After the closing, Tarrant was hired by the new owners as debtor's manager. On March 22, 1980, Tarrant was discharged. Mr. Rowland testified that he intended to turn over management of the debtor to Tarrant but that he, Rowland, always intended to retain control. In April 1980 the debtor ceased active business operation.

8) The assets of the debtor were sold by the trustee herein at public auction for $172,300.00 out of which funds the first and second mortgage on the real property were satisfied.

## LAW

### Preference

11 U.S.C. § 547(b) states:

"Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—

(i) was an insider; and

(ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title."

### Insolvency

Definition Code § 101(26) provides:

"insolvent means—

(A) with reference to an entity other than a partnership, financial condition such that the sum of such entity's debts is greater than all of such entity's property, at a fair valuation," . . .

### Insider

Definition Code § 101(25)(B) identifies a corporate insider as:

"(i) director of the debtor;

(ii) officer of the debtor;

(iii) person in control of the debtor;"

742

## CONCLUSION

### Preference

To avoid a transfer under Code § 547(b) all five conditions must be met. (See Vol. 3, Collier Pamphlet Edition, Bankruptcy Code, 1979, Legislative History under § 547(b), pp. 280–2.) And the burden of proof rests with the trustee. *In re Music House, Inc.*, 7 BCD 882 (D.Vt.1981); *In re Zuni*, 6 BCD 1222 (D.N.Mex.1980); 2 Norton Bkcy L & Prac § 30.01, 32.30.

The controverted transfer was for the creditor's benefit, and for an antecedent debt; it enabled Tarrant to receive more than he would have had such transfer "not been made". It may be that Tarrant was an "insider" even though he is not within the literal language of Code § 101(25)(B). Read *In re Roco Corp.*, 15 B.R. 813, 8 BCD 528 (Bkrtcy.D.R.I.1981). But see *In re Rockhill, Inc.*, 12 B.R. 829, 7 BCD 1134 (E.D.Pa.1981); *In re Blaine Richards & Co.*, 10 B.R. 424, 7 BCD 543 (Bkrtcy.E.D.N.Y. 1981). Regardless, the trustee has failed to establish by a fair preponderance of the evidence that the debtor was insolvent or that Tarrant had "reasonable cause" to so believe at the time of the transfer.

### Consideration

At the time of the debtor's sale the parties agreed to a purchase price of $178,-578.00 of which $118,000.00 was to be secured to plaintiff Tarrant in the form of a note and a mortgage on debtor's real property. However, this stated consideration was actually supported by plaintiff's promise to hold the debtor corporation harmless for $100,629.78 worth of debts owed by the corporation both to the plaintiff and others. Additionally, absent the value of plaintiff's paid in capital of $15,000.00 put into the corporation at its inception the $6,148.00 reduction of the accounts receivable owed to the plaintiff (that is $27,913.00 reduced to $21,765.00) a remaining enforceable secured debt of $79,481.78 remains.

IT IS THEREFORE ORDERED AND ADJUDGED that:

1. No voidable preference has been shown;

2. The enforceable principal amount of plaintiff's note and real estate mortgage is $79,481.78 plus interest, which secured claim is subject to the trustee's right to claim "reasonable, necessary costs and expenses" under Code § 506(c).