In the Matter of Stephen R. VANCE, Jeanne F. Vance, Debtors.

VALLEY BANK, an Idaho banking corporation, Plaintiff,

v.

Stephen R. VANCE and Jeanne F. Vance, husband and wife, and L. D. Fitzgerald, Trustee, Defendants.

No. 82–0276.

United States Bankruptcy Court, D. Idaho.

July 22, 1982.

Steven A. Hoskins, Idaho Falls, Idaho, for plaintiff.

Green, Service, Gasser & Kerl, Pocatello, Idaho, for defendant trustee, L. D. Fitzgerald.

## MEMORANDUM DECISION

M. S. YOUNG, Bankruptcy Judge.

Plaintiff filed this action seeking relief from the 11 U.S.C. § 362 stay in order to foreclose its security interest in certain collateral granted as security by debtors for their indebtedness to the bank. By stipulation between plaintiff and defendant trustee, the stay was lifted as to the estate's interest in such collateral with the exception of a 1977 utility trailer. Trustee has counterclaimed contending that the bank's security interest in this trailer is avoidable as a preference under 11 U.S.C. § 547 and thus the trailer should remain property of the estate, free of plaintiff's claim.

The parties have agreed that the underlying transaction was entered into and the security agreement executed on November 18, 1981. The certificate of title for this trailer shows the lien of plaintiff as recorded (and thus perfected under I.C. 49–412) on December 2, 1981. Debtors' bankruptcy petition was filed on January 29, 1982.

Testimony presented at hearing on this matter indicated that Valley Bank personnel prepared the documents and fees necessary for recordation of its lien interest on the certificate of title and assembled the same with a letter of transmittal addressed to the Fremont County assessor. Though placed into the bank's internal process for sending mail, the actual date of mailing was not proven. The bank's check for the filing fee was negotiated on December 4, 1981.

The elements of an avoidable preference are affirmatively established: there was a transfer, under § 547(e)(2)(B), on December 2, the date the security interest was perfected; this transfer was for an antecedent debt; allowing the transfer to stand would give plaintiff more than it would receive under the provisions of chapter 7 if the transfer had not been made; and the transfer occurred within 90 days preceding bankruptcy during which time the debtors are presumed insolvent. Plaintiff does not contend that the requirements of § 547 are not met.

Plaintiff argues that the exceptions to the operation of § 547 contained in § 547(c)(1), the contemporaneous exchange exception, and (c)(3), the ten day grace period for perfection exception, defeat trustee's counterclaim. Plaintiff now concedes that, in the absence of proof that the date of recordation of its lien as shown by the vehicle title is in error, the ten day grace period of (c)(3) is of no assistance to it. See generally in this regard *Fitzgerald v. Union Bank*, 13 B.R. 942, 81 I.B.C.R. 73 (Bkrtcy.D. Id.1981) holding the Idaho statute is clear in placing the burden of perfection upon the secured creditor as well as the burden of perfecting within the ten day grace period and that perfection cannot be deemed to have occurred earlier on the ground that the delay is caused by parties other than the creditor.

The bank, however, also contends that the transfer, deemed to have occurred at the time of perfection under § 547(e)(2)(B), is exempt from avoidance under § 547(c)(1) because it was intended as a contemporaneous exchange for new value and was in fact a substantially contemporaneous exchange.

That the granting of the security interest in return for the value given was intended by the parties as a contemporaneous exchange is not disputed. Whether or not the transfer was, "in fact a substantially contemporaneous exchange", is at issue.

Plaintiff relies upon the case of *In re Arnett*, 13 B.R. 267, 4 C.B.C.2d 1365, 7 B.C.D. 1222 (Bkrtcy.E.D.Tenn.1981), *aff'd*, 17 B.R. 912 (E.D.Tenn.1982). *Arnett* culminates a series of cases authored by Bankruptcy Judge Kelley considering whether this exception to the operation of the preference section is of aid to secured creditors failing to timely perfect their interests. See *In re Kelley*, 3 B.R. 651, 2 C.B.C.2d 15, 6 B.C.D. 395 (Bkrtcy.E.D.Tenn.1981) cited by this court in *Union Bank, supra*, and *In re Burnette*, 14 B.R. 795, 8 B.C.D. 255 (Bkrtcy. E.D.Tenn.1981). Judge Kelley has ultimately concluded that, even though Congress intended it to apply to different situations, the language of (c)(1) is broad enough to cover situations where secured creditors

fail to perfect their interests inside of the ten day grace period of (c)(3).

A number of courts, however, have refused to construe § 547(c)(1) to apply to such situations. See, e.g., *In re Kelley, supra; In re Meritt*, 7 B.R. 876, 7 B.C.D. 28 (Bkrtcy.W.D.Mo.1980); *In re Christian*, 8 B.R. 816 (Bkrtcy.M.D.Fla.1981); *In re Independence Land Title Corp.*, 9 B.R. 394, 4 C.B.C.2d 118 (Bkrtcy.N.D.Ill.1981); *In re Hall*, 14 B.R. 186 (Bkrtcy.S.D.Fla.1981); *Butz v. Pingel*, 17 B.R. 236 (Bkrtcy.S.D.Ohio 1982).

I conclude that because Congress expressly provided a grace period within which a secured party, such as plaintiff herein, can perfect its interest and avoid the antecedent debt element of a preferential transfer, it did not intend further protection for this type of creditor under § 547(c)(1). The Tennessee court recognizes that the exception contained in subsection (c)(1) is designed to cover other situations. The obvious example, and the one cited by commentators as well as in the Code's legislative history, is a check delivered in contemporaneous payment for goods received but not processed for a period of time.

To ignore the date of actual perfection of security interests would be to negate the operation of subsection (e) establishing when a transfer occurs for purposes of § 547 as well as to make superfluous the grace periods of § 547(c)(3) and § 547(e)(2)(A). Moreover, such a stance invites litigation over the question when in fact a transfer is "substantially contemporaneous." There are no objective standards for determining this fact and the courts are having great difficulty in determining the issue, creating much uncertainty in the law.

As stated in *Union Bank*, the Idaho statute places the burden of perfection upon the creditor, and there are means by which such a creditor can protect its interest. Given the fact that perfection is designed and exists solely for the benefit of that secured creditor as against third parties, I do not feel the burden of making certain perfection occurs is too onerous.

Upon the evidence presented, therefore, I find trustee's counterclaim well taken, the transfer in question to be preferential under § 547, and plaintiff's lien in the 1977 utility trailer avoided. No relief from stay as to the estate's interest in said trailer will be granted. Counsel for defendant trustee may prepare a proposed judgment in accord with this decision.