**Janice Leigh DENT,
Cross–Defendant/Appellant,**

v.

**Warren N. MARTIN, Trustee for Trans Air Inc., Cross–Plaintiff/Appellee.**

No. 88–6150–CIV.

United States District Court,
S.D. Florida, N.D.

May 31, 1988.

William C. Stalions, Benson, Stalions & Moyle, Ft. Lauderdale, Fla., for cross-defendant/appellant.

Arthur C. Neiwirth, Neiwirth & Neiwirth, P.A., Ft. Lauderdale, Fla., for cross-plaintiff/appellee.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the court on appeal from the United States Bankruptcy Court for the Southern District of Florida. Appellant Janice Leigh Dent appeals the final judgment of the bankruptcy court setting aside as a preferential transfer under 11 U.S.C. § 547(b), $20,500.00 transferred to Dent by Chase Manhattan Bank pursuant to an assignment by debtor Trans Air, Inc. Appellant contends that the bankruptcy court erred in setting aside the transfer because she was not an insider

on the date the transfer was made and there was no showing that the debtor was insolvent on the date of the transfer.

■ Pursuant to Title 11, United States Code, section 547(b), the Trustee may avoid "any transfer of property of the debtor" that gives a creditor a preferred position among creditors of the bankrupt and that meets certain other enumerated criteria. 11 U.S.C. § 547(b). The transfer may be avoided if the Trustee proves: (1) that the transfer was a transfer of the debtor's interest in property; (2) to or for the benefit of a creditor; (3) on account of the debtor's antecedent debt; (4) made during the 90–day period preceding the debtor's filing for bankruptcy relief, or, if the creditor is an "insider," made within one year preceding the filing; (5) made at a time when the debtor was insolvent; and (6) enabled the creditor to receive more than it would receive in a Chapter 7 distribution. 11 U.S.C. § 547(b).

Appellant Dent is the wife of James Dent, who, prior to sometime in early May 1986, was the Chief Executive Officer of debtor Trans Air, Inc. Pursuant to the Bankruptcy Code, appellant was an insider of Trans Air for as long as her husband was an insider. 11 U.S.C. § 101(30)(B)(vi).

In January 1986, the debtor executed an assignment of a bank account held in debtor's name at Chase Manhattan Bank to appellant Janice Leigh Dent, in the amount of $20,500.00. The assignment was for and on account of an antecedent debt and obligation of the debtor.

■ Chase Manhattan did not receive notice of the assignment until May 6, 1986. The debtor filed for bankruptcy on August 16, 1986. Thus, Chase Manhattan received notice of the assignment outside the 90–day preference period. In order to set aside the assignment, the Trustee must prove it was made to an insider while the debtor was insolvent.[1]

It is undisputed that appellant was an insider of the debtor when the assignment was originally executed in January 1986. There is a question, however, as to whether appellant was still an insider on May 6, 1986, the day Chase Manhattan received notice of the assignment.

The bankruptcy court found the question of appellant's insider status on May 6, 1986 irrelevant to the issue of whether the transfer was avoidable. The court held that appellant's insider status became fixed when the assignment was executed in January 1986. Therefore, appellant's status as an insider on May 6, 1986, the day the assignment was perfected, was immaterial. The court reasoned that unless the insider status became fixed on the date of execution, appellant [and other insiders] could escape the avoidance provisions of 11 U.S. C. § 547(b) merely by delaying the date the debtor actually transfers the money.

While the bankruptcy court's reasoning and conclusion possess a certain logic, they are contrary to the law. Because this court is reviewing the bankruptcy court's conclusions of law, review of those conclusions is *de novo.*

Under section 547, the transfer of the debtor's property "generally is made when the transfer is 'perfected.' 11 U.S.C. § 547(e)(2)(A)–(B)." *Askin Marine Co. v. Conner, (In re Conner),* 733 F.2d 1560, 1562 (11th Cir.1984). "For property other than realty, the transfer is perfected 'when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee.' [11 U.S.C.] § 547(e)(1)(B). This determination must be made by reference to state law." *In re Conner,* 733 F.2d at 1562.

■ In a related proceeding, the bankruptcy court held that under Florida law, the assignment of a bank account by the debtor to a third party was perfected when notice of the assignment was received by the bank. *In re Trans Air, Inc.,* 78 B.R. 351 (Bankr.S.D.Fla.1987). *See also Boule-*

---

1. The debtor is presumed insolvent for avoidance purposes when the transfer is made within 90 days of the bankruptcy petition. 11 U.S.C. § 547(f). However, that presumption does not apply where the avoidance is sought for a transfer made within one-year of the filing, but prior to the 90–day period before the filing.

*vard National Bank of Miami v. Air Metal Industries,* 176 So.2d 94, 98 (Fla.1965). This conclusion was correct. Because Chase did not receive notice of the assignment to the appellant until May 6, 1986, the transfer was not made until that date. *See* 11 U.S.C. § 547(e)(2)(B) (transfer is made when perfected).

The bankruptcy court failed to determine whether the appellant was an insider on May 6, 1986. The court notes the several cases cited by both the bankruptcy court and the Trustee which hold that "[a] creditor who is an insider at the time the transfer of the debtor's property is arranged is an insider at the time of the transfer." *DeRosa v. Buildex, Inc. (In re F & S Central Manufacturing Corp.),* 53 B.R. 842, 848 (Bankr.E.D.N.Y.1985) and the cases cited therein. However, this conclusion is contrary to the plain language of the avoidance statute.

Section 547(b)(4)(B) allows a transfer to be avoided if it was made "between ninety days and one year before the date of the filing of the petition if such creditor *at the time* of such transfer was an insider." 11 U.S.C. § 547(b)(4)(B). As one bankruptcy court noted, "the existence of an insider relationship *before* the date of the challenged transfer is not the proper test to be applied under the preference section. The language of section 547(b)(4)(B) clearly states that an insider relationship is to be determined on the *exact date* of the challenged transfer." *McWilliams v. Gordon (In re Camp Rockhill, Inc.),* 12 B.R. 829, 834 (Bankr.E.D.Pa.1981) (emphasis in original).

The bankruptcy court should have determined whether appellant was an insider as of May 6, 1986, the day the transfer was "made" according to the statute. The court's reason for fixing the insider status as of the date the transfer was arranged—preventing fraud by the insider—is not persuasive given the fact that the Trustee has the power to set aside fraudulent transfers made by the debtor. 11 U.S.C. § 548(a).

The bankruptcy court must determine whether appellant was an insider on May 6, 1986. The appellee argues that there is

sufficient evidence in the record for this court to determine whether James Dent, and thus appellant, were insiders on that date. However, this court is sitting as an appellate court and may not make such a finding. Any such finding must be made by the bankruptcy court.

The bankruptcy court must also determine whether the debtor was insolvent at the time the transfer was made. The record contains no such finding by the bankruptcy court. Insolvency of the debtor is an essential element of an avoidable transfer. 11 U.S.C. § 547(b)(3); 4 L. King, M. Cook, R. D'Agostino, K. Klee, Collier on Bankruptcy ¶ 547.06 (15th ed. 1979). The parties both argue that the record supports a finding regarding the debtor's financial status on the date in question. However, that finding is for the bankruptcy court to make, not this court.

In sum, the court finds that the bankruptcy court erred in not determining appellant's insider status and the debtor's financial condition as of May 6, 1986. Accordingly, it is hereby

ORDERED AND ADJUDGED that the Final Judgment and the Finding of Fact and Conclusions of Law of the bankruptcy court are REVERSED and REMANDED for additional findings and conclusions in light of this Order.