In re INDEPENDENCE LAND TITLE
CORPORATION OF
ILLINOIS, Debtor.

Jay A. STEINBERG, Trustee in
Bankruptcy, Petitioner,

v.

The NATIONAL BANK AND TRUST
COMPANY OF SYCAMORE,
Respondent.

No. 80 B 3675.

United States Bankruptcy Court,
N. D. Illinois, E. D.

March 4, 1981.

Jay A. Steinberg, Chicago, Ill., for trustee.

Minnihan, Smith & Brown, Sycamore, Ill., for Bank.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

This matter came to be heard on the trustee's application to avoid a lien on a motor vehicle. The National Bank and Trust Company of Sycamore contends the lien is valid and perfected while the trustee contends the lien is null and void as a preference. The court having researched the issues presented and being fully advised in the premises makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. In February 1980 the debtor assigned its interest in the car to Mr. Wade, President of the debtor corporation.

2. Mr. Wade, as President of the debtor, endorsed the back of the certificate of title, thereby assigning the car to himself individually. Mr. Wade took possession of the car but failed to send the certificate of title to the Secretary of State for the issuance of a new certificate of title.

3. On March 18, 1980 the debtor applied to the Bank for a loan so that the debtor could repurchase the car from Mr. Wade.

   a. On March 18, 1980 the debtor and the Bank executed an installment note and a Motor Vehicle Security Agreement whereby the parties attempted to grant the Bank a security interest in the car.

   b. On March 18, 1980 the debtor gave Mr. Wade the loan proceeds.

   c. On March 18, 1980 Mr. Wade gave the Bank the certificate of title which showed the debtor as the owner and then showed the assignment of ownership from the debtor to Mr. Wade.

   d. On March 18, 1980 there was no room on the back of the certificate of title for further assignments so the Bank, with Mr. Wade's cooperation, mailed the certificate of title to the Secretary of

State requesting a new certificate of title showing Mr. Wade as the car's owner.

4. On March 27, 1980 the debtor filed a petition under Chapter 11.

5. On or about April 24, 1980 the Bank received the new certificate of title showing Mr. Wade as the car's owner.

6. On or about May 15, 1980 Mr. Wade endorsed the new certificate of title thereby assigning the car to the debtor.

7. The Bank subsequently sent the certificate of title, as assigned, to the Secretary of State requesting a new certificate of title showing the debtor as the owner and the Bank as the lienholder.

8. On June 5, 1980 the Secretary of State issued a certificate of title indicating the debtor's and the Bank's respective interests in the car.

### ISSUE

Does the transfer fall within an exception to the trustee's avoiding powers?

### DISCUSSION

The Bank contends it has a valid and perfected security interest in the car. The trustee contends the transfer is voidable as a preference. The Bank does not deny that the transfer created a preference voidable under 11 U.S.C. § 547(b). The Bank, however, does contend that the transfer falls within an exception to the trustee's avoiding powers. The exceptions to the trustee's avoiding powers appear in 11 U.S.C. § 547(c) which states that:

The trustee may not avoid under this section a transfer—

1. to the extent that such transfer was (a) intended by the debtor and creditor ... to be a contemporaneous exchange for new value given to the debtor; and (b) in fact a substantially contemporaneous exchange;

\* \* \* \* \* \*

3. of a security interest in property acquired by the debtor—(a) to the extent such security interest secures new value that was—

\* \* \* \* \* \*

and (b) that is perfected before 10 days after such security interest attaches.

Section 547(c)(1) will be referred to as the "substantially contemporaneous exchange" exception and § 547(c)(3) will be referred to as the "enabling loan" exception. The Bank argues in the alternative that either the transfer comes within the "substantially contemporaneous exchange" exception or that it comes within the "enabling loan" exception.

The first issue considered is whether the creation of the security interest was "substantially contemporaneous" with the giving of the loan. The transfer in question is the giving of the security interest in exchange for the loan. 11 U.S.C. § 101(40). The transfer is made when the security interest is perfected. 11 U.S.C. § 547(e)(2). This court holds that the transfer was not perfected until subsequent to May 15, 1980 at the earliest. The Illinois Vehicle Code holds that a security interest in a car is perfected when the certificate of title is delivered to the Secretary of State with an application containing the name and address of the lienholder as well as the required fee. S.H.A., Ch. 95½, § 3–202(b). The debtor did not have rights in the car until May 15, 1980 so it was impossible for the Bank to perfect a security interest before that date. 11 U.S.C. § 547(e)(3). Contemporaneous is defined as "originating, arising or being formed or made at the same time..." Webster's Third International Dictionary, Unabridged (1961). The Bank submits no case authorities holding that a two-month gap between a loan and the perfection of a security interest constitutes a "substantially contemporaneous exchange." The court therefore finds that the exchange was not substantially contemporaneous and thus not within the exception to the trustee's avoiding power set forth in § 547(c)(1). The court cites *In re Kelley*, Bkrtcy., 3 B.R. 651; C.C.H. ¶ 67,688, p. 78,217 (E.D.Tenn.1980) and *In re Poteet*, Bkrtcy., 5 B.R. 631 (E.D.Tenn.1980) in support of the instant holding. As the *Poteet* court stated:

## 397

Delayed perfection of the security interest thus resulted in a transfer avoidable by the trustee as preferential.

*Id.* at 636.

 Alternatively, the Bank contends that the transfer is within the "enabling loan" exception of § 547(c)(3). The Bank contends that the security interest first attached on May 15, 1980 when the debtor acquired rights in the collateral S.H.A. c. 26, § 9–203. Then the Bank contends the security interest was perfected within 10 days of attachment. S.H.A. ch. 95½, § 3–202(b). Section 547(e) of the Bankruptcy Code determines when a transfer is made for the purposes of the preference section of the Code. The Code states that:

> For the purposes of this section, a transfer is not made until the debtor has acquired rights in the property transferred.

11 U.S.C. § 547(e)(3). For the purposes of the preference section, the transfer was not made until May 15, 1980. Thus the transfer was a post-petition transaction. The loan was made March 18, 1980 and the Chapter 11 petition was filed March 27, 1980. The certificate of title showing the debtor as owner and the Bank as lienholder was not issued until June 5, 1980. The court holds that the transaction was not within the "enabling loan" exception to the trustee's avoiding powers, 11 U.S.C. § 547(c)(3), and as further support states that:

> (a) ... the trustee may avoid a transfer of property of the estate—
> (1) that occurs after the commencement of the case; and
> \* \* \* \* \* \*
> (2)(B) that is not authorized under this title or by the court.

11 U.S.C. § 549. The transfer occurred after the case was commenced and it was not authorized by the Code or the Court.

It is therefore concluded that the disputed transaction is not within either the "substantially contemporaneous exchange" or the "enabling loan" exceptions to the trustee's avoiding power. Furthermore, the transaction may be avoided pursuant to 11 U.S.C. § 549.

WHEREFORE, IT IS HEREBY ORDERED that the lien of the National Bank and Trust Company of Sycamore on the 1978 Dodge Magnum, Serial No. XS22K8R206107, owned by the debtor is null and void and that possession of the car is hereby awarded to the trustee.