**John R. BUTZ, Trustee in Bankruptcy, Plaintiff,**

v.

**Nathan D. PINGEL, Sophia Pingel, David George Pingel, Constance Louise Pingel, Defendants.**

**In the Matter of David George PINGEL, Constance Louise Pingel nee Constance Louise Pearson, Debtors.**

**Bankruptcy No. 3–81–00790.
Adv. No. 3–81–0336.**

United States Bankruptcy Court,
S. D. Ohio, W. D.

Jan. 20, 1982.

John R. Butz, Springfield, Ohio, for plaintiff/trustee.

Michael A. Catanzaro, Robert B. Pavlatos, Springfield, Ohio, for defendants.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

## PRELIMINARY PROCEDURE

This matter is before the Court for disposition of the Trustee's Complaint alleging that Defendants Nathan D. Pingel and Sophia Pingel, hereinafter the Creditors, received a preferential transfer of property from the above-named Debtors' estate, or, in the alternative, that Debtors made a fraudulent conveyance to the Creditors. The Court set the matter for trial on 17 July 1981, and the parties then agreed to submit joint stipulations of fact and individual legal memoranda. The following decision is based upon the stipulated facts and these memoranda.

## FINDINGS OF FACT

The pertinent facts are not in controversy. On 23 February 1980, Defendants-Creditors loaned Defendants-Debtors $11,000.00 for the purchase of a 1974 Mack truck pursuant to a "note and Security Agreement" which provided that the Creditors were to retain a consensual security interest in the truck for any balance due on the loan. On 25 February 1980, Debtors took title and possession of the truck. Debtors then gave the Creditors the title with the intent that the Creditors would, in turn, have their lien recorded on the title pursuant to the requirement of O.R.C. § 4505.13. Note also O.R.C. § 1309.-21(C)(2). The lien, however, was not noted on the title until over a year later on 2 March 1981, nine days prior to Debtors' Petition in bankruptcy filed in this Court on 11 March 1981; and only five days before the petition in bankruptcy was executed on 7 March 1981.

The Trustee initiated the instant action alleging that the notation of Creditors' lien on the title nine days preceding Debtors' Petition filing constituted a preferential transfer under 11 U.S.C. § 547, or, in the alternative, a fraudulent conveyance under 11 U.S.C. § 548. Defendants respond that fraudulent intent has not been established, and that the perfection of the instant security interest within the preferential period of 11 U.S.C. § 547(b)(4) was pursuant to a "contemporaneous exchange for new value" which is excepted under 11 U.S.C. § 547(c)(1) from the Trustee's power to avoid preferential transfers.

## DECISION AND ORDER

The parties do not dispute that the perfecting of the security interest on 2 March 1981 constitutes a "transfer" of property under the Bankruptcy Code. 11 U.S.C. §§ 101(40) and 547(e)(2). It is further undisputed that, under Ohio law, these Creditors had no security interest in the truck until the security interest was perfected by notation on the title. O.R.C. § 4505.13. The basic issue before the Court therefore is whether the Trustee may avoid the instant transfer under either 11 U.S.C. §§ 547 or 548.

■ The Court finds that the instant facts do not support an exercise of the Trustee's avoidance powers under 11 U.S.C. § 548. The record does not establish actual intent to defraud, and the facts agreed upon by the parties indicate that the security interest was in exchange for a reasonably equivalent value. 11 U.S.C. §§ 548(a)(1) and (2)(A). Although Creditors' security interest was perfected more than a year after transfer of the loan principal, the parties intended that the security interest constitute legal consideration in exchange for the loan principal, and that the exchange be contractually binding as of the signing of the "Note and Security Agreement" on 23 February 1980, contingent only upon actual purchase of the automobile which occurred on 25 February 1980. Subject to the Trustee's avoidance powers under 11 U.S.C. §§ 544, 545 or 547, the Trustee's power to avoid a "fraudulent conveyance" of a security interest in a debtor's property is limited to those security interests which were not "taken for value and in good faith." 11 U.S.C. § 548(c). The facts at bar indicate that the instant security interest was exchanged in good faith for a reasonably equivalent value. 11 U.S.C. § 548(c).

■ Even though the question of constructive or implied intent may well be raised on the facts, the analysis is not here necessary in light of the question whether the instant transfer is, nevertheless, avoidable by the Trustee as a preferential transfer of the property under 11 U.S.C. § 547(c).

The parties do not dispute that the instant transfer satisfies the five criteria of 11 U.S.C. § 547(b), and, thus, is an avoidable preference unless the transfer is excepted under 11 U.S.C. § 547(c). 11 U.S.C. § 547(b). Defendants contend that the instant transfer falls within the exception of 11 U.S.C. § 547(c)(1), which provides:

(c) The trustee may not avoid under this section a transfer—

(1) to the extent that such transfer was—

(A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and

(B) in fact a substantially contemporaneous exchange.

The Court is constrained to deny such application of this statute.

Although the Defendants intended that the perfection of Creditors' security interest be "contemporaneous" with Creditors' loan, it is the finding of this Court that the exchange was not "in fact a substantially contemporaneous exchange." 11 U.S.C. § 547(c)(1)(B). Intention that an exchange be contemporaneous, required by 11 U.S.C. § 547(c)(1)(A), is not relevant to Court determination whether the exchange is in fact contemporaneous, 11 U.S.C. § 547(c)(1)(B). *Matter of Christian*, 8 B.R. 816, 819 (Bkrtcy. M.D.Fla.1981). Allegations of preferential transfers, by definition often involve alleged attempts by debtors to dispose of property on the eve of bankruptcy in a manner which "prefers" favored creditors over others. If the sole test is the intention of the parties as required in 11 U.S.C. § 547(c)(1)(A), then it would be necessary for the Court to conduct extensive factual inquiries into situations which would lend themselves to collusion and the fabrication of evidence, and perhaps render the preference section inoperable against all but the most flagrant violations. The purpose of adding the requirement of 11 U.S.C. § 547(c)(1)(B) is to avoid the inherent evidentiary difficulties of 11 U.S.C. § 547(c)(1)(A) by requiring that the parties'

conduct bears out their alleged intentions. Further, the requirement of 11 U.S.C. § 547(c)(1)(B) prevents surprising creditors by the enforcement of "secret" liens. In this case, a transfer of property by security interest perfection nine days before the bankruptcy Petition filing and over a year after the parties intended that the transfer occur is not contemporaneous for purposes of 11 U.S.C. § 547(c)(1)(B). See *Matter of Christian, supra; In re Kelley,* 3 B.R. 651, 2 C.B.C.2d 15, 6 B.C.D. 395, B.L.D. ¶ 67688 (Bkrtcy.E.D.Tenn.1980); *In re Butson's Inc.,* 2 B.R. 145, B.L.D. ¶ 67373 (Bkrtcy.Or. 1980); *In Re Independence Land Title Corporation of Illinois,* 9 B.R. 394, 4 C.B.C.2d 118 (Bkrtcy.N.D.Ill.1981). *In re Meritt,* 7 B.R. 876, 7 B.C.D. 28.

The facts as to implied or constructive intent need not be now analyzed because, in the opinion of the Court, the provision of both 11 U.S.C. § 547 and 11 U.S.C. § 548 are merged and read *in pari materia* to conclude *instanter* that such facts do, as a matter of law, preclude an argument of "contemporaneous exchange." This conclusion is bolstered by the family relationship existing among the parties; and the fact that the petition in bankruptcy was executed and signed on 7 March 1981.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the perfection of Defendants Nathan and Sophia Pingel's security interest in Debtors' truck constituted a preferential transfer under 11 U.S.C. § 547(b), and that the Trustee, Plaintiff herein, may avoid said transfer pursuant to his powers vested through 11 U.S.C. § 547(b).