**In re Donald Roy BRAME, Karen Marie Brame, Debtor,**

**Leandra WALKER, Trustee, Plaintiff.**

v.

**AGRICO CHEMICAL COMPANY, INC., et al., Defendant.**

**Bankruptcy No. 5–81–00238.**
**Adv. No. 5–81–0066.**

United States Bankruptcy Court,
W.D. Kentucky.

Dec. 15, 1982.

Lucius P. Hawes, Jr., Hopkinsville, Ky., for plaintiff-trustee.

Timothy J. Kaltenbach, Hopkinsville, Ky., for plaintiff.

## MEMORANDUM AND ORDER

G. WILLIAM BROWN, Bankruptcy Judge.

This bankruptcy proceeding originally came before the Court on trustee's complaint against various parties. Subsequently, on November 5, 1982, the trustee made a motion for the entry of summary judgment against Agrico Chemical Company alleging the existence of a preferential transfer which is voidable by the trustee pursuant to 11 U.S.C. § 547.

Relative to this motion and the response of the creditor, the respective remarks of counsel were heard on November 16, 1982, and the parties by order of November 18, 1982, were to thereafter file memoranda of legal authorities.

## FINDINGS OF FACT

The facts as they pertain to the issue before the Court may be briefly summarized as follows:

On November 27, 1980, the debtors purchased four shipments of chemicals and fertilizer from Agrico Chemical Company in the total amount of $11,119.04, which sum was due and payable in January, 1981. Apparently, these materials were used on the winter wheat crop already planted. A note and security agreement dated June 17, 1981, were signed by the debtors which granted a security interest in favor of Agrico in 200 acres of wheat growing on the debtors' property for the total amount of $12,119.72, including interest at the rate of nineteen percent (19%) per annum. Subsequently, on June 22, 1981, a financing statement was filed by the creditor to perfect the security interest.

In May or June of 1981, the winter wheat crop was harvested but because the crop was not of milling quality, it was sold to relatives of the debtors for an approximate amount of $18,000.00. From these proceeds, on July 15, 1981, the debtors paid to Agrico the sum of $12,119.72 due on the note.

On or about July 20, 1981, the debtors filed a voluntary petition seeking relief under the provisions of Chapter 7 of the Bankruptcy Code, 11 U.S.C. The trustee, by counsel, alleges that the payment made to Agrico constitutes a preferential transfer of property of the debtor which may be avoided by the trustee as occurring within ninety (90) days before the filing of the bankruptcy petition. Agrico, by counsel, alleges that the payment does not constitute a preferential transfer under 11 U.S.C. § 547(b) because the transaction falls within the ambit of the § 547(c)(1) exception. In essence,

Agrico claims that "a contemporaneous exchange for new value" occurred when the creditor released its mechanic's lien acquired pursuant to KRS 376.010 on the winter wheat crop in return for the signing of the note and granting of the security interest via the security agreement.

It may be noted that the signing of the note and security agreement, the perfection of the security interest by the filing of the financial statement, and the actual payment of monies to the creditor all occurred within ninety (90) days preceding the filing of the bankruptcy petition on July 20, 1981. The question, then, before the Court relates to whether or not a contemporaneous exchange for new value was effected such that the payment in issue falls within the § 547(c)(1) exception to a preference.

## CONCLUSIONS OF LAW

With the exception of transactions in § 547(c) of the Bankruptcy Code, the trustee under § 547 can avoid and recover for the benefit of the estate any transfer of the debtor's property:

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition;

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made....

Further, the Code in § 547(f) arms the trustee with the presumption that the debtor was insolvent during the ninety (90) days immediately preceding the filing of the petition, thus simplifying the trustee's burden.

■ Section 101(40) of the Bankruptcy Code, 11 U.S.C., defines a "transfer" as: "... every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or an interest in property, including retention of title as a security interest."

We have no doubt that the perfection of a security interest constitutes a transfer under this definition. See *Matter of Christian*, 8 B.R. 816 (Bkrtcy.M.D.Fla.1981); *In Re Independence Land Title Corporation of Illinois*, 9 B.R. 394, 4 C.B.C.2d 118 (Bkrtcy. N.D.Ill.1981); *In Re Merritt*, 7 B.R. 876, 7 B.C.D. 28 (Bkrtcy.W.D.Mo.1980); *Butz v. Pingel*, 17 B.R. 236 (Bkrtcy.S.D.Ohio 1982).

However, an exception exists for transactions which fall within the parameters of 11 U.S.C. § 547(c), specifically § 547(c)(1), which states in pertinent part:

"(c) The trustee may not avoid under this section a transfer—

(1) to the extent that such transfer was—

(A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and

(B) in fact a substantially contemporaneous exchange...."

The term "new value" is defined in 11 U.S.C. § 547(a)(2) as follows:

"(2) 'new value' means money or money's worth in goods, services, or new credit, or release by a transferee of property previously transferred to such transferee in a transaction that is neither void nor voidable by the debtor or the trustee under any applicable law, but does not include an obligation substituted for an existing obligation...."

The Kentucky Revised Statutes, specifically KRS 376.010(1), provides in pertinent part:

"(1) Any person who performs labor or furnishes materials ... for the improvement in any manner of real property including the furnishing of agricultural lime, fertilizer ... shall have a lien thereon, and upon the land upon which the improvements were made or on any interest the owner has therein to secure the amount thereof...."

**312**

Further, KRS 376.080(1) provides in pertinent part:

"(1) Any lien provided for in KRS 376.-010 shall be dissolved unless the claimant, within six months after he ceases to labor or furnish materials, files in the office of the county clerk of the county in which the building or improvement is situated a statement of the amount due him. . . ."

Likewise, a lien on a farm crop is provided for in KRS 376.135:

"(1) Any custom operator who performs a service on a farm, including but not limited to filling of silos, hay baling and crop spraying, by contract with, or by the written consent of the owner or manager of the farm, shall have a lien upon the farm crop involved to secure the cost of the service furnished.

(2) The recording provisions of KRS 376.-010 and 376.080 to 376.130 shall apply to the lien provided for in subsection (1) of this section. . . ."

### MEMORANDUM

In the case at bar, all the elements of a preference are present: (1) the transfer or payment was assuredly of benefit to Agrico; (2) the transfer was on account of an antecedent debt; (3) Section 547(f) presumes insolvency within the ninety (90) days preceding the filing of the petition, and the transferee has not presented evidence in rebuttal of this presumption; (4) the date the transfer was made may be alternately construed as the date the security interest was granted, June 17, 1981; the date of the perfection by the filing of the financing statement, June 22, 1981; or the date of the payment made on July 15, 1981, all of which occurred within ninety (90) days before the filing of the petition; and (5) finally, the transfer enabled the creditor to receive more than it would had the transfer not been made.

▮ As to the creditor's allegation that the instant transaction is within the purview of § 547(c)(1), this Court cannot agree with the assertion. Initially the only value received by the debtors in the instant case was the original extension of credit in No-

vember of 1980. No "new value," as defined in § 547(a)(2), was exchanged for the granting of the security interest in 200 acres of growing wheat. In addition, notwithstanding that § 547(a)(2) specifically excludes the substitution of one obligation for another obligation as constituting new value, the lien acquired through KRS 376.-010(1) or KRS 376.135, assuming its validity, expired six months following the furnishing of the chemicals on November 26, 1980. Thus, the lien expired on or about May 26, 1981, without having been filed of record and before the security interest transaction or the payment of $12,119.72 in June and July, respectively. The circumstances of this case do not place the transfer within the exception of § 547(c)(1), as "a contemporaneous exchange for new value."

This Memorandum and Order constitutes Findings of Fact and Conclusions of Law pursuant to Rule 752, Rules of Bankruptcy Procedure.

WHEREFORE, in view of the foregoing and there being no genuine material factual dispute, and the Court being otherwise sufficiently advised,

IT IS ORDERED AND ADJUDGED that the trustee's motion for summary judgment be and is granted on the basis that the transfer in question constitutes a voidable preference pursuant to 11 U.S.C. § 547. This is a final order.

A copy of this order is mailed to Lucius P. Hawes, Jr., counsel for trustee; to Timothy J. Kaltenbach, counsel for plaintiff; to J. Daniel Kemp; to Richard A. Johnson; and to W. Douglas Myers.