**In re Donald Hess DAMON d/b/a Damon's Classic & Antique Cars, Debtor.**

**Lynn D. ALLISON, Trustee, Plaintiff,**

**v.**

**FIRST NATIONAL BANK & TRUST COMPANY, Great Bend, Kansas, Defendants.**

**Bankruptcy No. 82–11499.
Adv. No. 83–0296.**

United States Bankruptcy Court,
D. Kansas.

Nov. 18, 1983.

Lynn D. Allison of Allison & Holloway, Wichita, Kan., for trustee.

Ernest McRae of McRae & Early, Wichita, Kan., for First Nat. Bank & Trust Co. of Great Bend, Kan.

## MEMORANDUM OF DECISION

JAMES A. PUSATERI, Bankruptcy Judge.

In this chapter 7 proceeding, the trustee has filed a complaint to avoid three preferential transfers.

The trustee and attorney for trustee is Lynn D. Allison of Allison & Holloway, Wichita, Kansas. The transferree, First National Bank & Trust Co. of Great Bend, Kansas, is represented by Ernest McRae of McRae & Early, Wichita, Kansas.

The issues presented for determination are:

1. Has the trustee established the elements of a preference pursuant to 11 U.S.C. § 547(b).

2. Is there an exception to avoidance pursuant to 11 U.S.C. § 547(c) applicable herein, and has the creditor proved the facts necessary to establish an exception.

A stipulation has been submitted and the Court is ready to rule.

## FINDINGS OF FACT

The debtor was in the used car business. He and the First National Bank & Trust Co. of Great Bend (FNB) had a course of dealing in which he would purchase a vehicle for resale by writing· a check for the vehicle drawn on an account at FNB. The debtor did not have enough money in his account, but FNB would honor the check by covering it for the debtor. Sometime later, the debtor would come to the bank, sign a note for the amount of the check and grant

a security interest to FNB in the purchased vehicle. FNB had previously filed a financing statement (UCC–1) perfecting its interest in the debtor's automobile inventory.

Three specific transactions are in issue. On August 4, 1982 the debtor purchased a 1973 Oldsmobile # 8161 for $510. On August 24, 1982 the debtor purchased a 1973 Oldsmobile #–1934 for $300. On September 13, 1982 the debtor purchased a 1982 Honda motorcycle for $2,700. In each case FNB "advanced" the funds to purchase the vehicle by covering the check written by the debtor.

On October 8, 1982 the debtor went to the bank and executed three notes and security agreements. The debtor signed a note covering the Honda advance and granted a security interest in the Honda. The debtor signed another note covering the #–1934 Oldsmobile and granted a security interest in the vehicle. And the debtor signed a third note covering the # 8161 Oldsmobile and granted a security interest in the vehicle.

In each case, the security interest was perfected at the moment the security interest was granted by virtue of the pre-filed UCC–1.

On October 18, 1982 the debtor filed a chapter 7 petition in bankruptcy.

FNB has not offered any explanation of why it allowed the debtor to delay from 25 to over 60 days between the time the check was written and the time the security interest was granted.

A stipulation filed by the parties states: The Bank does not deny that they obtained the notes and security agreements on the date identified. They claim that this additionally shored up their car inventory lien and each would have been discharged at the time of sale since it held the titles. None of the titles to the vehicles were in FNB's name, nor was FNB's lien noted on the titles. Furthermore, FNB has submitted no legal theories in response to the trustee's complaint.

The parties have not submitted the following information to the Court from which the Court could determine an exception to a preference pursuant to 11 U.S.C. § 547(c)(5):

the deficiency of collateral to debt on the 90th day before the bankruptcy petition was filed.

The parties have stipulated that when the petition was filed, FNB had an unsecured claim in the amount of $36,787.60 and a secured claim in the amount of $54,134.00. Without the information concerning the FNB's deficiency position 90 days prior to the filing of the bankruptcy petition, the Court cannot rule on the improvement of position exception under § 547(c)(5). Because FNB has advanced no arguments, however, and because whatever discussions that follow is an attempt by the Court to answer those issues under § 547(c) that if raised, could be answered, the Court simply finds that FNB does not make any claim that § 547(c)(5) is applicable to its inventory financing arrangement with the debtor.

## CONCLUSIONS OF LAW

■ A transfer is preferential if each of the following five elements are present:

1. a transfer of the debtor's property
2. within 90 days of bankruptcy
3. made to or for the benefit of the creditor
4. on account of an antecedent debt
5. while the debtor was insolvent
6. enabling the creditor to receive more than it would have received if the transfer had not been made.

11 U.S.C. § 547(b).

■ The parties' stipulation indicates the debtor's property in the form of security interests in three vehicles was transferred on October 8, 1982 or within 90 days of the date the debtor filed his chapter 7 petition. The transfer was made to the instant creditor. The transfer was made while the debtor was presumed to be insolvent pursuant to § 547(f). The transfer converted an unsecured obligation into a secured obligation and thus enabled the creditor to receive more than if the transfer had not been

made. Finally, on October 8, 1982 when the transfer of the security interests were made, there were three unsecured obligations outstanding—a September 13 obligation; an August 24 obligation and an August 4 obligation. On October 8 when the transfers were made, there were three outstanding, antecedent debts, which as admitted by the creditor, were intended to be "shored up" by the transfer. Accordingly, the transfers were made on account of antecedent debts and the trustee has presented facts establishing the prima facie elements of a preference under § 547(b). Upon proving the elements of a preference, the burden shifts to the creditor to affirmatively show an exception to a preference under § 547(c). See *Rovzar v. Biddeford & Saco Bus Garage, Inc. (In Re Saco Local Devel. Corp.),* 25 B.R. 876 (Bkrtcy.D.Me. 1982).

Section 547(c) provides:

(c) The trustee may not avoid under this section a transfer—

(1) to the extent that such transfer was

(A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and

(B) in fact a substantially contemporaneous exchange; . . .

\* \* \* \* \* \*

(3) of a security interest in property acquired by the debtor—

(A) to the extent such security interest secures new value that was—

(i) given at or after the signing of a security agreement that contains a description of such property as collateral;

(ii) given by or on behalf of the secured party under such agreement;

(iii) given to enable the debtor to acquire such property, and

(iv) in fact used by the debtor to acquire such property; and

(B) that is perfected before 10 days after such security interest attaches; . . .

There are two situations applicable to the instant case in which the use of § 547(c)(1) has been addressed.

First, where a loan is made to enable a debtor to purchase goods, a purchase money security interest is granted before or at the time funds are advanced, and the goods are acquired *after* the debtor signs the security agreement, the creditor has 10 days after the security interest attaches to perfect the security interest and forestall avoidance under § 547(c)(3). If the creditor fails to perfect within 10 days, § 547(c)(3) is inapplicable; the transfer is deemed to be made whenever perfection occurs, pursuant to § 547(e)(2), the transfer is on account of an antecedent debt, pursuant to § 547(b)(2), and the transfer is avoidable. Creditors failing to perfect within 10 days have argued, however, that even though they failed to comply with § 547(c)(3), the transfer was substantially contemporaneous to the loan advance pursuant to § 547(c)(1). Courts are divided but the better view holds that when funds are advanced at the time or after a purchase money security interest is granted, but the purchase money security interest is not perfected within 10 days after the security interest attaches, the creditor cannot successfully argue the transfer was nevertheless substantially contemporaneous under § 547(c)(1). See, e.g., *Knauer v. Enlow (In Re Enlow),* 20 B.R. 480, 9 BCD 200 (Bkrtcy.D.Ind.1982); *Weill v. Tennessee Central Credit Union (In Re Kelley),* 3 B.R. 651, 6 BCD 395, 2 CBC2d 15 (Bkrtcy.E.D.Tenn.1980); *Gower v. Ford Motor Credit Co. (In Re Davis),* 22 B.R. 644, 9 BCD 657, 6 CBC2d 1391 (Bkrtcy.M.D.Ga. 1982); *Brown v. Callaway Bank (In Re Meritt),* 7 B.R. 876, 7 BCD 28 (Bkrtcy.W.D. Mo.1980); *Exchange Bank of Polk County v. Christian,* 8 B.R. 816 (Bkrtcy.M.D.Fla. 1981). See also B. Clark, The Law of Secured Transactions Under the Uniform Commercial Code ¶ 6.4[2][a] at S. 6–9 to 6–10 (Supp. No. 1 1983). But see *Jahn v. First Tenn. Bank of Chattanooga (In Re Burnette),* 14 B.R. 795, 8 BCD 255, 5 CBC2d 1215 (Bkrtcy.E.D.Tenn.1981); *Ray v. Security Mut. Finance Corp. (In Re Arnett),* 13

B.R. 267, 7 BCD 1222, 4 CBC2d 1365 (Bkrtcy.E.D.Tenn.1981).

■ Second, preserving the rule of *Dean v. Davis*, 242 U.S. 438, 37 S.Ct. 130, 61 L.Ed. 419 (1917) the giving of a lien to secure an antecedent debt is not a voidable preference if the lien was contemplated at the time the debt was incurred and if the lien was given substantially contemporaneous to the time the debt was incurred. Ward & Shulman, In Defense of the Bankruptcy Code's Radical Integration of the Preference Rules Affecting Commercial Financing, 61 Wash.U. L.Q. 1, 21–24 (1983); 4 Collier on Bankruptcy ¶ 547.37[2] (15th Ed.1983); Countryman, Bankruptcy, Preferences—Current Law and Proposed Changes, 11 U.C.C.L.J. 95–96 (1978); B. Clark, The Law of Secured Transactions Under the Uniform Commercial Code ¶ 6.4[2][a], at 6–29, n. 59 (1980); Kaye, Preferences Under the New Bankruptcy Code, 54 Am.Bankr.L.J. 197, 198–99 (1908); Young, Preferences Under the Bankruptcy Reform Act of 1978, 54 Am. Bankr.L.J. 221, 226–27 (1980). Accord, *Barr v. Reneau (In Re Lyon)*, 35 B.R. 759 (Bkrtcy.D.Kan.1982) (Morton, J.).

In the second situation, § 547(c)(3) is unavailable to the creditor because the advance of funds is *before* the signing of the security agreement. See 11 U.S.C. § 547(c)(3)(A)(i). It is this second situation that is presented in the case at bar. The crux of the issue is whether the transfers were "in fact a substantially contemporaneous exchange; . . ." 11 U.S.C. § 547(c)(1)(B).

The Honorable Judge Robert B. Morton addressed this issue in the unpublished opinion: *Barr v. Reneau (In Re Lyon)*, Case No. 79–11783 (Bankr.D.Kan.1982). The debtor, Lyon, was a contractor who agreed to construct a residence for Bob Reneau. After completion, Mr. Reneau was informed that certain lienable obligations incurred in the construction of his residence remained unpaid. Reneau agreed to loan the debtor money to satisfy the debtor's creditors and forestall the filing of liens against his residence. A promissory note was executed by the debtor on August 5, 1979 and the potential lien creditors were satisfied on August 2, 1979. On August 22, 1979 a document dated August 1, 1979 was executed granting to Mr. Reneau a mortgage on the debtor's real property to secure the loan from Mr. Reneau. The mortgage was filed of record on August 27, 1979. The debtor filed his chapter 7 petition on November 6, 1979.

Judge Morton ruled that the parties intended the obligation to be secured from the outset. Judge Morton further ruled:

> [T]he court finds that a twenty-day delay between the loan and the transfer of the mortgage, *under the circumstances involved herein,* does not prevent the exchange from being substantially contemporaneous under section 547(c)(1).

*In Re Lyon*, supra, at 6. The question for this Court is: how much delay is too much? As Judge Morton noted, the Code does not specify time limitations nor does it offer any guidelines.

Under the Code, the following delays were held not to be substantially contemporaneous: over one year: *Butz v. Pingel (In Re Pingel)*, 17 B.R. 236 (Bkrtcy.S.D.Ohio 1982) (". . . § 547(c)(1)(B) . . . require[s] that the parties conduct bears out their alleged contentions." Id. at 238–39); over 8 months: *Brown v. Callaway Bank (In Re Meritt)*, 7 B.R. 876, 7 BCD 28 (Bkrtcy.W.D. Mo.1980); 2 months: *Steinberg v. National Bank & Trust Co. of Sycamore (In Re Independence Land Title Corp. of Ill.)*, 9 B.R. 394, 4 CBC2d 118 (Bkrtcy.N.D.Ill.1981). The following delays were held to be substantially contemporaneous: 10 days: *Aetna Business Credit, Inc. v. Hart Ski Mfg. Co. (In Re Hart Ski Mfg. Co.)*, 7 B.R. 465, 6 BCD 1430 (Bkrtcy.D.Minn.1980).

■ The Court believes that a transfer made more than 10 days after the loan is prima facie not contemporaneous. The Code provides protection for creditors performing the proper documentation within 10 days in a loan transaction in which the security interest is granted before or at the time the loan is made. 11 U.S.C.

§ 547(c)(3). The Court can see no reason why the time limit should be any more generous for a creditor in a transaction in which the security interest is granted after the loan is made, under § 547(c)(1). In *Dean v. Davis*, 242 U.S. 438, 37 S.Ct. 130, 61 L.Ed. 419 (1917), the holding upon which § 547(c)(1) is based, there was a delay of 7 days between the loan and the mortgage. In situations where the delay is more than 10 days, in order for a transfer to be substantially contemporaneous, the creditor must demonstrate that the delay is commercially reasonable and caused by factors beyond the reasonable control of the creditor. See *In Re Lyons*, supra; Duncan, Delayed Perfection of Security Interests in Personal Property and the Substantially Contemporaneous Exchange Exception to Preference Attack, 62 Neb.L.Rev. 201, 219–23 (1983).

In the case at bar, over 2 months elapsed between the transfer of funds on August 4, 1982 to the debtor to purchase a 1973 Oldsmobile, and October 8, 1982 when a security interest was granted. The creditor has not offered an explanation or justification for the delay. Therefore, the Court holds the transfer of the security interest on the 1973 Oldsmobile # 8161 was not in fact substantially contemporaneous and is avoided.

The transfer of a security interest on another 1973 Oldsmobile #−1934 on October 8, 1982 was 45 days after funds were advanced to the debtor to purchase the vehicle on August 24, 1982. Once again, there is no explanation offered, and the Court holds the transfer of the security interest in the 1973 Oldsmobile #−1934 was not in fact substantially contemporaneous and is avoided.

Finally, the transfer of a security interest in the 1982 Honda motorcycle on October 8, 1982 occurred 25 days after funds were advanced for the debtor to purchase the Honda on September 13, 1982. Once again, absent an explanation, the Court must hold the transfer of the security interest in the Honda was not in fact substantially contemporaneous and is avoided.

In sum, the trustee's complaint to avoid the security interest in these three vehicles is granted.

The foregoing constitutes Findings of Fact and Conclusions of Law under Bankruptcy Rule 7052 and Rule 52(a) of the Federal Rules of Civil Procedure.