In re Rodney Thornton RAWSON, aka Rodney T. Rawson, Debtor.

Harold CORZIN, Trustee, Plaintiff,

v.

Rodney T. RAWSON, Charlene D. Rawson, Blake N. Rawson, Rodney B. Rawson, Ralph J. Dalessio, William F. Stamm, Defendants.

Bankruptcy No. 583–676.
Adv. No. 584–0005.

United States Bankruptcy Court,
N.D. Ohio.

June 21, 1984.

**168**

Harold Corzin, Akron, Ohio, Trustee.

Joseph A. Powell, Akron, Ohio, for Ralph J. Dalessio and William F. Stamm.

Michael J. Moran, Cuyahoga Falls, Ohio, for trustee.

Michael J. Kaplan, Akron, Ohio, for Rodney B. Rawson.

John T. Waller, Akron, Ohio, for Charlene D. Rawson.

## FINDING AS TO MOTION TO DISMISS

H.F. WHITE, Bankruptcy Judge.

Defendants, Ralph J. Dalessio and William F. Stamm, have filed a Motion to Dismiss/Motion for Summary Judgment in opposition to the Trustee's complaint. The court finds that their motion must be denied.

On January 10, 1984, Harold Corzin, the Trustee, filed a complaint against Messrs. Dalessio and Stamm, the debtor, and certain relatives of the debtor. The complaint lists four claims for relief against the defendants for: 1) breach of contract; 2) unjust enrichment; 3) turnover of property of the estate; and 4) fraudulent conveyance. All of these claims for relief are based on an alleged agreement whereby the defendants, Dalessio and Stamm, agreed to purchase the interests of the debtor and Blake N. Rawson in an Ohio partnership known as Rawson Investments. The gravamen of the Trustee's complaint is that Dalessio and Stamm breached their obligations under the alleged agreement. The other defendants are, for the most part, nominal parties.

The trustee alleges that, in consideration for the partnership interests, Dalessio and Stamm agreed to pay certain obligations of the debtor. These obligations include the payment of real property taxes for the premises located at 537 N. Cleveland-Massillon Road, Akron, Ohio; the payment of security deposits owing to tenants at the above-described property; an invoice for an air-conditioning unit installed at the above-described property; a mortgage obligation owing to Centran Bank; and an obligation to the I.R.S. for withholding taxes arising from the debtor's operation of Rawson Buildings, Inc., an Ohio corporation. Dalessio and Stamm allegedly agreed to pay these obligations in an amount not to exceed $56,000. In the event the obligations did not total $56,000, then Dalessio and Stamm agreed to pay the balance of said sum to the debtor and Blake N. Rawson. The Trustee based these allegations on an unsigned document entitled "Agreement of Sale of Partnership Assets" which was attached to and incorporated within his complaint.

On February 10, 1984, defendants, Dalessio and Stamm, filed their motion to dismiss pursuant to Bankruptcy Rule 7012 and Federal Rules of Civil Procedure (FRCP) 12. These defendants argue as a matter of law that the Trustee's complaint fails to state a claim upon which relief can be granted. They argue that the trustee's complaint is barred under Ohio's Statute of Frauds and they claim that the court lacks subject matter jurisdiction.

The defendants do not deny, however, that there was an agreement for the sale of the partnership interests of the debtor and Blake N. Rawson. They do deny the trustee's allegations concerning their consideration for the partnership interests. The defendants contend that a document entitled "Assignment of Partnership Interest", which is signed by all parties, recites, in full, the agreement between the parties.

Both the Trustee and the defendants, Dalessio and Stamm, have briefed the court on the issues raised by the defendants' Motion to Dismiss. Additionally each side has filed affidavits.

FRCP 12(b) provides in relevant part: If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treat-

ed as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56. Accordingly, the court will treat the defendant's Motion to Dismiss as a Motion, in the alternative, for Summary Judgment under FRCP 56.

FRCP 56(c), applicable in this proceeding pursuant to Bankruptcy Rule 7056, provides in part:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

There is no doubt that the pleadings, interrogatories, and affidavits on file establish genuine issues as to material fact. The crux of the defendants' motion, however, is that the trustee is barred from presenting any factual evidence as a matter of law. Thus, if the defendants were able to establish their defenses, then the trustee would be prevented from presenting his evidence and there would be no genuine issue of material fact.

The court shall first address the defendants' claim that the court has no jurisdiction over the subject matter of the trustee's complaint. Attacks on the jurisdiction of the Bankruptcy Court have become common following the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). In response to the *Northern Pipeline* decision, the Judicial Conference of the United States promulgated the "Emergency Rule" under which the Bankruptcy Courts presently operate. In *White Motor Corp. v. Citibank N.A.*, 704 F.2d 254 (6th Cir.1983), the Sixth Circuit explicitly found that Bankruptcy Courts may constitutionally exercise bankruptcy jurisdiction within the parameters of the Emergency Rule. Dalessio and Stamm claim that the trustee's complaint is a "related proceeding" under the Emergency Rule, and that, accordingly, the court has no jurisdiction.

The trustee replies that his complaint states a cause of action under section 542(b) of the Bankruptcy Code, 11 U.S.C. 542(b) which provides:

(b) Except as provided in subsection (c) or (d) of this section, an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor.

The trustee states that section (d)(3)(A) of the Emergency Rule specifically provides that: "Related proceedings do not include: ... orders to turn over property of the estate; ....". Hence, the trustee argues, the court does have jurisdiction.

The defendants argue that this action cannot be brought under section 542(b) because the defendants do not owe a debt that is "matured, payable on demand, or payable on order". They claim that the trustee is not owed a debt but is merely alleging a cause of action on a debt.

■ The defendants' argument must be rejected. The trustee's complaint clearly alleges that Dalessio and Stamm owe a matured debt that is property of the estate. The mere fact that the defendants deny these allegations does not take the trustee's action outside the scope of section 542(b). Other courts have consistently found that allegations similar to those of the trustee fall within the scope of section 542(b). *Georgia Pacific Corp. v. Sigma Service Corp.*, 712 F.2d 962 (5th Cir.1983); *In re Kakolewski*, 29 B.R. 572 (Bkrtcy.W. D.Mo.1983); *In re Brame*, 26 B.R. 309 (Bkrtcy.W.D.Ky.1982); *In re Fulghum Construction Corp.*, 23 B.R. 147 (Bkrtcy. M.D.Tenn.1982). Furthermore, the court *In re Kakolewski, supra*, specifically found that an action brought under section 542(b) falls within the traditional summary jurisdiction of a bankruptcy court which was undisturbed by the Supreme Court's

decision in *Northern Pipeline*. It is clear, therefore, that the court does have subject matter jurisdiction over the trustee's complaint.

The defendants also claim that the trustee's action is barred by the Ohio Statute of Frauds, Ohio Revised Code (O.R.C.) section 1335.05, which provides, in pertinent part:

No action shall be brought whereby to charge the defendant, upon a special promise, to answer for the debt, default, or miscarriage of another person; nor to charge an executor or administrator upon a special promise to answer damages out of his own estate; nor to charge a person upon an agreement made upon consideration of marriage, or upon a contract or sale of lands, tenements, or hereditaments, or interest in or concerning them, or upon an agreement that is not to be performed within one year from the making thereof; unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized.

■ The defendants claim that the Trustee's complaint falls within the Statute of Frauds as an action charging the defendants "to answer for the debt, default, or miscarriage of another". The court rejects this argument. It is clear from the Trustee's complaint that the defendants are being sued for an obligation owed to the debtor. The trustee is merely alleging that, instead of paying the debtor directly, the agreement provided that the defendants would pay certain creditors of the debtor. This does not bring the complaint within the Statute of Frauds. The defendants' obligation is alleged to run to the debtor and not to the debtor's creditors.

■ Furthermore, even if the Trustee's complaint did allege that the defendants are obligated to the debtor's creditors, it would still not be barred by the Statute of Frauds. The court would find that such obligation was undertaken to serve the defendants' own pecuniary or business interest, to wit: the acquisition of the partnership interests. The law in Ohio is that such an obligation would not be barred by the Statute of Frauds. *Wilson Floors Co. v. Sciota Park, Ltd.*, 54 Ohio St.2d 451, 377 N.E.2d 514 (1978).

■ The defendants also contend that the Trustee's complaint is within the Statute of Frauds because it alleges debts which touch and concern realty owned by the partnership. These debts are said to be the invoice for the air-conditioner and the debt owed the debtor and Blake Rawson for the sale of the partnership interest. The court finds that promises to pay these debts are not within the Statute of Frauds.

■ The air-conditioner is a fixture. An agreement to pay for a fixture does not constitute a contract concerning an interest in land. See, 51 O.Jur.3d Statute of Frauds section 36 (1984).

■ Under Ohio law, a partner's interest in the partnership is personal property. O.R.C. section 1775.25. Hence, the sale of that interest is not a contract for the sale of land.

■ The defendants' last argument is that the Trustee's complaint asserts an action or an agreement not to be performed within one year. The trustee correctly points out that so long as an agreement is capable of being performed within one year, it is not within the Statute of Frauds. See 51 O.Jur.3d, Statute of Frauds, Secs. 76, 79 (1984).

■ The defendants maintain, however, that their alleged agreement to assume a first mortgage on realty owned by the partnership, and hold the debtor harmless thereon, was not to be performed within one year. Even if the defendants are correct that the agreement is within the statute, a proposition which the court rejects, the trustee's complaint would still not be barred. The defendants admit that their agreement to assume this mortgage is recited in the "Assignment of Partnership Interest" which was signed by all parties, including the defendants. Thus, even if

the agreement is in the Statute of Frauds, the Statute has been complied with and would not bar the trustee's complaint.

The court concludes, therefore, that the defendants' Motion to Dismiss/Motion for Summary Judgment must be denied. The court does have jurisdiction over the subject matter of the trustee's complaint and said complaint is not barred by Ohio's Statute of Frauds. The court finds that genuine issues of material fact exist and that the defendants, Dalessio and Stamm, are not entitled to judgment as a matter of law.