In re PANT HEATING & AIR CONDI-
TIONING, INC., Debtor.

PANT HEATING & AIR
CONDITIONING, INC.
et al., Plaintiffs,

v.

DAY & SONS SUPPLY CO.,
INC., Defendant.

Bankruptcy No. 84–0191.

United States Bankruptcy Court,
N.D. Ohio, W.D.

June 12, 1985.

Michael Vaporis, Toledo, Ohio, for plain-
tiffs.

Suzanne Cotner Mandross, Toledo, Ohio,
for defendant.

## MEMORANDUM OPINION
## AND ORDER

RICHARD L. SPEER, Bankruptcy
Judge.

This cause comes before the Court upon
the Motion for Partial Summary Judgment
filed by the Debtor-In-Possession in the
above entitled adversary action. Although
the Debtor-In-Possession has submitted its
arguments regarding this Motion and has
certified service to the Defendant, no re-
sponse to the Motion has been received.
The Court has reviewed the Motion as well
as the entire record in this case. Based
upon that review and for the following
reasons the Court finds that the Motion
should be GRANTED.

## FACTS

The Plaintiff-Debtor in this case is en-
gaged in the business of heating and air
conditioning contracting. On or about Jan-
uary 4, 1984, the Debtor-In-Possession
gave the Defendant a promissory note and

a security interest in all of the Debtor-In-Possession's equipment, chattels, and fixtures. These obligations were given to the Defendant as a formal recognition of what had previously been an unsecured, unliquidated debt to the Defendant. On January 23, 1984, the Debtor-In-Possession filed its voluntary Chapter 11 Petition with this Court. Subsequent to the filing of that proceeding, the Debtor-In-Possession filed this action, wherein it seeks to avoid the security interest and the promissory note as a preference and fraudulent conveyance, respectively.

In proceeding with discovery, the Debtor-In-Possession served the Defendant with requests for admission of certain facts regarding the transfers in question. The Defendant has responded to those requests by admitting that the security interest was given on account of an antecedent debt, that it was given within ninety (90) days prior to the filing of the Debtor-In-Possession's Petition, and that it transferred an interest in property belonging to the Debtor-In-Possession. The Motion presently before the Court seeks summary judgment as to the cause of action which addresses the avoidance of the security interest as a preference.

## LAW

■ The provisions of 11 U.S.C. § 547 state in pertinent part:

"(b) ... the trustee may avoid any transfer ... of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition ...

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title."

Under these provisions, a trustee or a debtor-in-possession, *see*, 11 U.S.C. § 1107, may avoid the transfer of an interest of the debtor in property which was made to a creditor on account of an antecedent debt within ninety (90) days prior to the petition if the debtor was insolvent at the time of the transfer and if the transfer enables the creditor to receive more than they would have received in a Chapter 7 proceeding had the transfer not been made. *Allison v. First Nat. Bank & Trust Co. (In re Damon*), 34 B.R. 626 (Bkcy.D.Kan.1983).

■ In the present case, the Defendant has admitted that it received a security interest from the Debtor-In-Possession and that the security interest was given on behalf of a previously owed debt. The Defendant has also admitted that the interest was given within ninety (90) days prior to the filing of the petition. Since the Debtor-In-Possession is presumed to have been insolvent during the ninety (90) days which precede the filing, *see*, 11 U.S.C. § 547(f), the only issue which remains to be determined is whether or not the transfer would enable the Defendant to receive more than it would have received had the case proceeded under a Chapter 7 liquidation. It should, however, be pointed out that it is unclear whether or not the security interest was properly perfected prior to the filing of the petition. If it has not been so perfected, then for purposes of this action, a transfer has not yet been completed. *See*, 11 U.S.C. § 547(e). The absence of perfection would also have the effect of making this action unnecessary, inasmuch as the Debtor-In-Possession would have a superior interest in the property. *See*, 11 U.S.C. § 544. Nevertheless, the Court will assume, for purposes of this Motion, that the security interest has been properly perfected.

■ A review of the Debtor-In-Possession's schedules reflects that as of the time of filing the Debtor had approximately Forty-six Thousand Four Hundred and no/100

Dollars ($46,400.00) in priority claims, One Hundred Thirty-seven Thousand Five Hundred and no/100 Dollars ($137,500.00) in secured claims (not including the Defendant's), and Two Hundred Twenty-seven Thousand Seven Hundred and no/100 Dollars ($227,700.00) in unsecured claims. It also reflects that the total value of the Debtor's assets was approximately One Hundred Fifty-three Thousand One Hundred and no/100 Dollars ($153,100.00). After secured creditors were allowed to receive the value of their collateral, there would be approximately Two Thousand Five Hundred and no/100 Dollars ($2,500.00) in assets available to pay the claims of administrative, priority, and unsecured creditors. Inasmuch as the provisions of 11 U.S.C. § 507 would require that administrative and priority claims be paid in full prior to the payment of any unsecured claims, and the amount of assets available to pay those claims is far exceeded by the amount of such claims, it is readily apparent that the Defendant's security interest would allow it to receive more than it would have received in a Chapter 7 case had the transfer not been made. As a secured creditor, the Defendant's claim would have consumed the remaining value of the Debtor-In-Possession's assets, thereby providing some payment on its debt. However, in the absence of the security interest, the Defendant would not have received anything on its debt. Therefore, it must be concluded that the granting of the security interest has enabled the Defendant to receive more than it would have received under a Chapter 7 proceeding. It must also be concluded that all of the elements of an action under 11 U.S.C. § 547(b) have been satisfied and that the Debtor-In-Possession is entitled to judgment as a matter of law.

In reaching these conclusions the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that the Motion for Partial Summary Judgment be, and is hereby, GRANTED.

It is FURTHER ORDERED that Judgment on the Plaintiff's first cause of action be, and is hereby, GRANTED.